**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLIE GRIFFIN,

      Plaintiff-Appellant,

v.

MESSAMORE KELLY,

      Defendant-Appellee.

No. 04-1401
(District of Colorado)
(D.C. No. 04-Z-1529)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Charlie Griffin appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint without prejudice for failure to comply with the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) "requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989) (quotation omitted). The rule requires litigants to draft complaints that "give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Id.* (quotation omitted). This court reviews for abuse of discretion a district court's dismissal of a complaint under Rule 8(a). *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

After Griffin filed his complaint, the matter was referred to a magistrate judge for initial proceedings. The magistrate judge ordered Griffin to file an amended complaint that complied with the provisions of Rule 8(a). The magistrate concluded that an amended complaint was required because the original complaint filed by Griffin

> fails to set forth a short and plain statement of [Griffin's] claims showing that he is entitled to relief. In fact, he does not assert any specific claims for relief. He merely complains that he has not been released to a halfway house or on parole prior to the completion of his prison sentence. It is not clear why [Griffin] is suing the named Defendant or even who the named Defendant is.

In response to the magistrate judge's order, Griffin filed an amended complaint. As noted by the district court, however, that amended complaint

> still fails to assert any specific claims or to clarify who the named Defendant is and why he is being sued. Although it is apparent that [Griffin] believes he should have been released at some point either on parole or to a halfway house, it is not clear why he believes his constitutional rights have been violated, which of his constitutional rights have been violated, or who specifically has violated his constitutional rights.

This court has reviewed Griffin's amended complaint and agrees with the district court's conclusion that it fails to comply with Rule 8(a). The named defendants could not have discerned the bases of Griffin's claims or prepared a defense. Accordingly, the district court did not abuse its discretion by dismissing Griffin's complaint under Rule 8(a). Likewise, in light of the complete absence of historical fact from the amended complaint and Griffin's failure to state why he believes his constitutional rights have been violated, which of his constitutional rights have been violated, or who specifically has violated his constitutional rights, the district court did not abuse its discretion in declining to appoint counsel to represent Griffin. *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (noting that the burden is on the applicant to demonstrate that his claims are sufficiently meritorious to warrant appointment of counsel and that "only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned").

Griffin's request to proceed on appeal *in forma pauperis* is **GRANTED**. He is reminded that he must continue making partial payments until the appellate filing fee is paid in full. The United States District Court for the District of Colorado is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge