**F I L E D**

**UNITED STATES COURT OF APPEALS**

August 19, 2005

**TENTH CIRCUIT**

---

JOHN ROBERT LEONARD, SR.,

      Plaintiff-Appellant,

v.

JOSEPH R. STANDELL, Esquire,
Federal Aviation Administration
Aeronautical Counsel,

      Defendant-Appellee.

No. 05-1145
(D.C. No. 05-Z-76)
(Colorado)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL,** Circuit Judges.

---

John Robert Leonard, Sr., appeals the district court's dismissal without

prejudice of his *pro se* civil action against Joseph R. Standell and the Federal

Aviation Administration Aeronautical Counsel. The district court determined that

Mr. Leonard's complaint did not comply with the pleading requirements of FED.

---

*After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

R. CIV. P. 8(a). We affirm.

Rule 8(a) requires, in part, that a plaintiff submit in his complaint "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). Rule 8(a)'s "short and plain statement" requirement is "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quotation omitted). We review a district court's dismissal of a complaint under Rule 8(a) for abuse of discretion. *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Mr. Leonard is proceeding *pro se*, we construe his complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

After Mr. Leonard filed his complaint, the magistrate judge held that:

Mr. Leonard has failed to make clear which claims are asserted pursuant to which statute. *See* FED. R. CIV. P. 8(a)(1). Mr. Leonard also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Rather than summarizing each claim clearly and succinctly, Mr. Leonard makes vague allegations concerning being denied a flight physical.

Rec., doc. 9 at 2. The magistrate judge ordered Mr. Leonard to submit an

-2-

amended complaint complying with the requirements of Rule 8(a) and clarifying the claims for relief that he was asserting. In particular, the order instructed that "[e]ach claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Mr. Leonard's rights." *Id.* at 3.

In response to the magistrate judge's order, Mr. Leonard filed an amended complaint. The district court found that complaint similarly deficient:

> Mr. Leonard again makes vague allegations concerning being denied a flight physical. The amended complaint still does not include a short and plain statement of his claims showing that he is entitled to relief in this action. Mr. Leonard still fails to allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. He still fails to link the acts that allegedly violated his civil rights with the statute upon which he bases the alleged violation. He still attaches various unexplained exhibits to his amended complaint. In the supplement to the amended complaint, Mr. Leonard primarily cites to case law and offers no information to clarify his claims.

Rec., doc. 12 at 3. The court concluded the amended complaint failed to comply with the magistrate judge's order, or with the pleading requirements of Rule 8(a).

We have reviewed Mr. Leonard's amended complaint and agree with the district court's reasoning and conclusion that it does not comply with Rule 8(a). It does not provide the named defendants with adequate notice of the claims against them, thereby inhibiting their ability to prepare a defense. As a result, the court did not abuse its discretion in dismissing the complaint pursuant to Rule

8(a).

The district court also denied Mr. Leonard's application to proceed *in forma pauperis* (*ifp*) on appeal pursuant to 28 U.S.C. § 1915 and FED. R. APP. P. 24, concluding there were no reasoned, nonfrivolous arguments on the law and facts in support of the issues raised on appeal. Mr. Leonard has filed a motion on appeal for leave to proceed *ifp* before this court.[1] Having reviewed the briefs and the record on appeal, we agree with the district court and deny Mr. Leonard's request to proceed *ifp* on appeal. *See* § 1915(a)(3).

For the aforementioned reasons, we **AFFIRM** the district court's order and **DENY** Mr. Leonard's request to proceed *in forma pauperis* on appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1]In support of his *in forma pauperis* motion, Mr. Leonard submitted a self-styled "Writ of Mandamus & Prohibition." Mandamus is an extraordinary remedy, which will issue only in exceptional circumstances. *See United States v. Roberts*, 88 F.3d 872, 882 (10th Cir. 1996), *superseded by statute on other grounds as stated in United States v. Meacham*, 115 F.3d 1488, 1491 (10th Cir. 1997). The petitioner must demonstrate his right to a writ of mandamus is clear and indisputable. *Roberts*, 88 F.3d at 882. Mr. Leonard has not made any such showing and, as a result, we deny his writ application.