**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAYMOND ARTHUR PRICE,

      Petitioner-Appellant,

v.

SUPT. REID; ATTORNEY
GENERAL OF THE STATE of
COLORADO,

      Respondents-Appellees.

No. 04-1190
(D.C. No. 03-Z-2321)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Petitioner-Appellant Raymond Arthur Price, a state prisoner proceeding pro

se, appeals[1] the district court's decision dismissing his federal habeas petition

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    This court has previously granted Price a certificate of appealability, see 28 U.S.C. § 2253, and leave to proceed on appeal in forma pauperis, see 28 U.S.C. § 1915(a)(1).

filed under 28 U.S.C. § 2254. The district court dismissed Price's habeas petition without prejudice after concluding Price had failed to file a well-pled petition as required by Fed. R. Civ. P. 8(a).[2] Having jurisdiction to review this appeal under 28 U.S.C. § 1291, we REVERSE the district court's decision and REMAND this cause for further proceedings.

## I.    FACTS

Price filed his habeas petition November 20, 2003, challenging his Colorado convictions on three counts of theft and three counts of possessing forged instruments. The magistrate judge, however, directed Price to amend that petition within thirty days, after concluding that "Mr. Price's disorganized and vague allegations fail to provide a short and plain statement of the state procedural background of his case and fail to provide a short and plain statement of his claims showing he is entitled to relief."    The magistrate judge also directed Price to "demonstrate that he has exhausted state remedies as to each claim." To effect his order, the magistrate judge ordered "that the clerk of the Court mail to

_____

[2]    Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Sloan v. Pugh, 351 F.3d 1319, 1322 (10th Cir. 2003); Fed. R. Civ. P. 81(a)(2). Although Rule 2 of the Rules Governing Section 2254 Cases does address to some extent what a habeas petitioner should include in his § 2254 petition, that Rule is not inconsistent with Fed. R. Civ. P. 8(a)'s requirement of "a short and plain statement" of the petitioner's claim.

Mr. Price, together with a copy of this order, two copies of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." [3]

Price responded to the magistrate judge's direction by filing two amended habeas petitions. Those two pleadings were on the forms required for § 2254 petitions, with Price having handwritten in his allegations. The two amended petitions were essentially identical. Nevertheless, the district court dismissed Price's petitions without prejudice, holding that "Price submitted two similar but not identical amended applications, each attacking the same conviction. By submitting two different amended applications, Mr. Price has failed to comply with the [magistrate judge's] order within the time allowed." Price appeals that decision.

## II. DISCUSSION

### A. Appellate jurisdiction.

As an initial matter, although the Government did not raise the issue, we must consider whether the district court's decision dismissing Price's habeas petition without prejudice is a final, appealable order. See Amazon, Inc. v. Dirt

---

[3] A habeas petitioner "must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d), Rules Governing Section 2254 Cases.

Camp, Inc., 273 F.3d 1271, 1272 (10th Cir. 2001) (noting this court has an independent duty to examine our own appellate jurisdiction).

> [I]n determining whether an order of dismissal [without prejudice] is appealable, we must examine whether the district court dismissed the complaint or the action. A dismissal of the complaint is ordinarily a non-final nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.

Mobley v. McCormick, 40 F.3d 337, 339 (10th Cir. 1994) (citations omitted). In making this determination, this court focuses on the district court's intent in issuing its dismissal order. See id. Here, we deem the district court to have intended to dismiss the entire action. See Ciralsky v. C.I.A., 355 F.3d 661, 665-68 (D.C. Cir. 2004) (holding dismissal for failure to comply with Rule 8 was dismissal of entire action, which was appealable final order); see also Leonard v. Standell, 145 F. App'x 632, 632-33 (10th Cir. 2005) (unpublished) (reviewing district court's dismissal of pro se plaintiff's complaint without prejudice under Fed. R. Civ. P. 8); Griffin v. Kelly, 124 F. App'x 614, 615 (10th Cir. 2005) (unpublished) (same).

Furthermore, "where dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." Amazon, Inc., 273 F.3d at 1275. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) gives a state prisoner only one year to file his § 2254 petition. See 28 U.S.C. § 2244(d). Without specifically concluding

that Price would now be time-barred from asserting a new habeas petition, we note that Price filed the § 2254 petition at issue here over two years ago. Under these circumstances, therefore, we will treat the district court's decision to dismiss his petition without prejudice as a final, appealable order.

**B.     District court's dismissal.**

The district court dismissed Price's habeas petition without prejudice under Fed. R. Civ. P. 8. We review the district court's dismissal without prejudice for an abuse of discretion. See Ciralsky, 355 F.3d at 668-71; see also Leonard, 145 F. App'x at 632-33; Griffin, 124 F. App'x at 615.

"[U]nder Fed. R. Civ. P. 8(a)(2), the [petitioner] must offer a short and plain statement of the claim that will give the [respondent] fair notice of what the [petitioner's] claim is and the grounds upon which it rests." United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) (quotations omitted). "The Supreme Court has emphasized that the requirements at the pleading stage are *de minimus*." Id. (citing Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002), and Steel Co. v. Citizens for a Better Env't., 523 U.S. 83 (1998)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive of the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1373 (10th Cir. 1979) (quoting Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).

Rule 8 also "calls for pleadings to be 'construed as to do substantial justice.'" Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting Fed. R. Civ. P. 8(f)). Moreover, because Price is proceeding pro se in this case, we must liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In light of these parameters, we conclude Price's amended § 2254 petition sets forth his claims with sufficient clarity to satisfy Rule 8(a). The district court, therefore, abused its discretion in dismissing Price's petition.

The district court specifically dismissed Price's amended § 2254 petition only because Price submitted two copies of that petition. These were form applications on which Price had handwritten his responses to the form's proffered questions. The completed form petitions are essentially identical, with only one or two words different between the two, which one might expect in light of the fact that Price was writing them out by hand. Further, it is likely that Price filed two copies of his amended § 2254 petition in response to the magistrate judge's direction that the Clerk send Price two copies of the necessary § 2254 form. The fact that Price filed two essentially identical copies of his amended habeas

petition in no way justifies the district court's decision to dismiss his § 2254 proceedings under Fed. R. Civ. P. 8(a).

Even if we construed the district court's decision to dismiss Price's amended petition also because it failed to meet Rule 8(a)'s pleading requirements, we would determine that the district court abused its discretion in doing so. In directing Price to file an amended petition, the magistrate judge appeared to have two primary concerns: 1) Price's confusing allegations describing the prior state-court proceedings in which Price had challenged his Colorado convictions; and 2) the adequacy with which he pled his four § 2254 claims.

### 1.    Procedural allegations.

Price's original habeas petition confused the magistrate judge because Price alleged that the Colorado convictions he challenges occurred on three separate dates in 2003, while most of his state-court appeals of those convictions occurred in the 1990s. Price, however, corrected that confusion in his amended petition by indicating that the trial court actually entered the judgment of conviction he is now challenging on October 21, 1991. In light of this revision, then, Price appears to have sufficiently alleged the procedural history of his state convictions in his amended petition to satisfy Rule 8(a)'s requirements.

The magistrate judge was also concerned because Price had alleged that the state trial court decision denying him state post-conviction relief "had been

affirmed April 21 and May 6, 2003," yet Price also alleged, in his first § 2254 claim, that he had been denied an appeal from that denial. Price's original § 2254 petition, however, clearly indicated that the state district court, not the Colorado appellate court, denied him post-conviction relief in 2003. It was from that decision that Price tried, but was apparently unable, to appeal.

**2.      § 2254 claims**.

The magistrate judge was also concerned both about the clarity with which Price pled his § 2254 claims and about whether Price had exhausted his state-court remedies as to each claim, as § 2254(b) requires. In his habeas petition, Price asserted the following four § 2254 claims:

1) Price asserted that the state district court erred in refusing to conduct an evidentiary hearing before denying Price post-conviction relief. In addition, Price alleged that the Colorado appellate courts denied him due process and equal protection when they refused to consider Price's appeal from the denial of that post-conviction relief. The magistrate judge was specifically concerned that this claim failed to raise a constitutional claim. Price, however, clearly alleged that he was denied due process and equal protection because the Colorado appellate

courts did not consider his appeal from the denial of post-conviction relief.[4]

Further, no additional exhaustion of state-court remedies would appear necessary.

The only specific concern that the magistrate judge expressed regarding claims two, three and four was that "Mr. Price's disorganized and vague allegations . . . fail to provide a short and plain statement of his claims showing he is entitled to relief." However, as explained below, Price's claims are sufficiently short and clearly pled to satisfy Rule 8(a), both in his original and his amended petitions.

2) Price alleged that the trial court erred in dismissing a jury venire member for cause. More specifically, Price alleged that the district court erred in striking venireperson Hersch for cause when there was no evidence to suggest that this juror had a clear bias against the prosecution. Price has clearly pled this claim. In addition, he also alleged that he had exhausted his state-court remedies by asserting this same claim on direct appeal.

3) Price plainly alleged that his appellate counsel was ineffective for failing to challenge, on direct appeal, the trial court's refusal to permit one of Price's witnesses from testifying on Price's behalf. Further, Price asserts that he raised a

---

[4]     The magistrate judge did not dismiss Price's claims based on their merit. We, therefore, do not here address the possible merits of each claim. Rather, we instead conclude only that Price's allegations were sufficient to satisfy Rule 8(a).

claim challenging his appellate counsel's representation in a post-conviction motion. Because that would have been the first opportunity Price would have had to challenge direct-appeal counsel's effectiveness, it appears from the pleadings that he has exhausted his state-court remedies as to this claim as well.

4) Price also clearly alleged that the evidence at trial was insufficient to support his convictions because he was the co-owner of the checks that he was convicted of stealing and forging. According to Price's pleadings, he did raise this issue before the state court, but not until a post-conviction motion. As he indicated in his first claim for relief, Price apparently had trouble appealing the denial of post-conviction relief on this claim. Although this suggests he may have failed to exhaust his state-court remedies as to this issue, exhaustion will be excused if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). At this stage of the proceedings, therefore, we cannot say that dismissal of this claim based on Price's failure to exhaust his state-court remedies would be appropriate.

For these reasons, therefore, we conclude that the district court abused its discretion in dismissing without prejudice Price's amended § 2254 petition. We REVERSE that dismissal and REMAND to the district court for proceedings consistent with this decision.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge