**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND ARTHUR PRICE,

   Petitioner-Appellant,

v.

SUPERINTENDENT REID; and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

   Respondents-Appellees.

Nos. 07-1141 and 07-1088
(D.C. Nos. 03-cv-2321-EWN-MJW
and 04-cv-00201-EWN-MJW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

  Raymond Price seeks certificates of appealability ("COA") in the two

above-captioned matters. We conclude that, with one exception, Mr. Price failed

to preserve any issue for appellate review. With respect to the issue Mr. Price did

preserve, we find it without sufficient merit to warrant a COA. We have also

conducted a thorough review of his two cases for any indicia of other plain errors

that might merit the issuance of a COA and have found none.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

A

In 1990, a Colorado jury found Mr. Price guilty of three counts of theft and three counts of criminal possession of a forged instrument, for which he was sentenced to nine years in prison, to run consecutively to a life sentence he was already serving in an unrelated case. In July 1991, Mr. Price escaped from custody and engaged in a forty-eight hour crime spree before he was recaptured. For his activities while on the loose, a Colorado jury found Mr. Price guilty of escape, second degree kidnaping, first degree sexual assault, two counts of aggravated robbery, and three counts of holding hostages; he was sentenced to a total of 160 years in prison for these offenses. The Colorado Court of Appeals affirmed and the Colorado Supreme Court denied review in both cases. *See Colorado v. Price*, 903 P.2d 1190 (Colo. Ct. App. 1995). Mr. Price thereafter unsuccessfully sought post-conviction relief in two distinct Colorado state habeas petitions.

Following his failed state court appeals and collateral challenges, in late 2003 and early 2004 Mr. Price filed two separate *pro se* habeas petitions under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado that form the basis of this appeal. One petition (appealed as 07-1141) focused on the 1990 convictions and alleged that (1) Mr. Price was denied due process and equal protection by the Colorado court system; (2) the trial court abused its discretion

in granting the prosecution's challenge for cause to a prospective juror; (3) Mr. Price received ineffective assistance of appellate counsel; and (4) insufficient evidence existed to sustain his convictions. Challenging his 1991 escape-related convictions, Mr. Price's other petition (appealed as 07-1088) raised similar claims.[1] Mr. Price's petitions were referred for an initial recommendation to a magistrate judge who, in two detailed opinions totaling forty-three pages, recommended to the district court either that it deny each claim on the merits or find it to be procedurally defaulted.

B

Here, the procedural history of the cases before us becomes tangled. In response to the magistrate judge's report and recommendation in 07-1088, Mr. Price filed with the district court a notice of appeal seeking review not before the district court (because of that court's alleged "corrupt[ion]" and "bias") but in this court. The district court responded that, "in the interest of expediting proceedings," it would treat Mr. Price's "notice of appeal" as an objection to the

---

[1] Namely Mr. Price charged that (1) he was denied due process when the trial court failed to sustain his challenges to four jurors for cause; (2) he received ineffective assistance of appellate counsel; (3) he was denied due process and equal protection by the Colorado court system; (4) the trial court trenched on his right to confrontation; (5) Colorado's rape shield law is unconstitutional and insufficient evidence existed to support the sexual assault conviction; (6) his Sixth Amendment rights were violated in that he did not knowingly and intelligently waive his right to counsel; (7) he received a sentence in violation of the Eighth Amendment; (8) he was denied due process at the sentencing hearing; and (9) he did not receive an impartial jury.

magistrate judge's recommendation. The district court then proceeded to deny that objection and adopt the magistrate judge's report.

By contrast, in 07-1141, Mr. Price filed a document purporting to be an objection to the magistrate judge's report, citing 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b); that document, however, largely confined itself to inveighing against "lack luster judges" who should be "debench[ed]." This time, the district court seems to have treated Mr. Price's filing as a nullity, indicating its belief that "no party has objected to the recommendation" of the magistrate judge, but adding that it had conducted a *de novo* review of the record before accepting and adopting the report.

Mr. Price then applied for a COA in the district court for each of his petitions, both of which the court denied, ruling that Mr. Price failed to make a "substantial showing of the denial of a constitutional right." Mr. Price also applied to the district court for leave to appeal *in forma pauperis*, which the district court also denied in both cases, finding in one (07-1141) that the motion was deficient for failure to submit a certified trust account statement, and finding in the other (07-1088), pursuant to 28 U.S.C. § 1915(a)(3), that the appeal was "not taken in good faith because Applicant has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."

C

The complex procedural knot tightened after Mr. Price filed the functional

equivalent of notices of appeal,[2] and did so in a timely manner. This court, *sua*

*sponte*, issued a show cause order in 07-1141 (but not in 07-1088), asking the

parties whether that matter should be dismissed on the basis that Mr. Price failed

to object to the magistrate judge's report and recommendation and thereby waived

appellate review. Mr. Price responded by pointing to the fact that the district

court treated his notice of appeal in 07-1088 as an objection to the magistrate

judge's report in that case. He might also have pointed to the fact that his filing

in 07-1141 actually cited the correct statutory- and rule-based provisions for

challenging magistrate judges' reports in district courts. In their filing,

respondents focused less on the form of Mr. Price's submission and the district

court's response and more on its substance, noting that, rather than discuss any

---

[2] Mr. Price filed a notice of appeal in 07-1141 after the district court's order accepting the magistrate judge's recommendation, but before entry of the final judgment. This notice of appeal is treated as filed on the date of and after entry of the final judgment. Fed. R. App. P. 4(a)(2). In 07-1088, Mr. Price filed a notice of appeal after entry of the magistrate judge's recommendation, which was not a final appealable decision, but before the district court's order. After the district court entered an order and final judgment adopting the magistrate's recommendation, Mr. Price filed a "motion and affidavit for leave to proceed on appeal" within 30 days, and this may be construed as the functional equivalent of a timely notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); *Rodgers v. Wyo. Atty. Gen.*, 205 F.3d 1201, 1204 n.3 (10th Cir. 2000) (listing documents construed as equivalents of notices of appeal), *overruled on other grounds by Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001).

specific legal deficiency in the magistrate judge's report, it simply attacked various judges personally. This, respondents argued, is insufficient to preserve an issue for appellate review.

## II

It is settled law in this circuit that, in order to preserve an objection to a magistrate judge's report for appellate review, the appellant must make a "timely and specific" objection in the district court. *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996). Indeed, this court has adopted what has been described as a "firm waiver rule" in this regard. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). At the same time, because Mr. Price has proceeded *pro se* throughout these proceedings, we review and measure his filings against this rule with liberality. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

With these standards in mind, we do not hesitate to conclude that Mr. Price did file *timely* objections in the district court in both 07-1088 and 07-1141. In both matters, Mr. Price put the district court on notice of his dissatisfaction with the magistrate judge's conclusions. To be sure, in 07-1088 Mr. Price captioned his pleading as a notice of appeal, but the district court was able to discern Mr. Price's intention and solicitously treated Mr. Price's *pro se* filing as the requisite objection. In 07-1141, Mr. Price clearly cited the applicable statute and rule for challenging magistrate judges' reports in district court.

Yet, while we conclude that Mr. Price did file timely objections sufficient to preserve appellate review, his objections, with one exception, fall so short of our requirement of *specificity* that we cannot help but take notice. In both cases, Mr. Price plainly registered his dissatisfaction with the magistrate judge's recommendations. But, rather than identify any issue of law or fact which he contends was erroneously handled by the magistrate judge, Mr. Price devoted the bulk of his filings in both matters to inveighing against the judges handling his matters, seeking an end to the "corruption" of the courts, a change of venue to review his claims, and the appointment of a special judge to handle his claims. Even viewing these *pro se* pleadings with the generosity that is their due, we do not see how they come close to satisfying our requirement that an objection to a magistrate judge's report be made with specificity. *See, e.g.*, *Zumwalt v. Astrue*, 220 Fed. Appx. 770, 777-78 (10th Cir. 2007) (holding a one-sentence conclusory objection to an issue in the magistrate's recommendation insufficient to preserve that issue for appeal); *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (holding an argument waived on appeal for failure to raise the issue in objection to the magistrate's recommendation).

The single error which Mr. Price did identify with specificity (in 07-1141) is the assertion that the magistrate judge violated his constitutional rights by virtue of being biased against him and thus failing to follow the direction this court gave in *Price v. Reid*, 161 Fed. Appx. 773 (10th Cir. 2006). In order to

obtain a COA on this or any issue, Mr. Price must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). In *Price*, we reversed the district court's dismissal of Mr. Price's Section 2254 petition concerning his 1990 convictions for failure to file a well-pled petition, holding that Mr. Price's allegations were indeed sufficient to comply with the requirements of Fed. R. Civ. P. 8. *Price*, 161 Fed. Appx. at 774. We remanded the case for further proceedings consistent with that decision, and the magistrate judge's report and recommendation in 07-1141 complies in full with our decision, considering Mr. Price's petition on its merits as we requested and doing so in great detail without a trace of bias or animus apparent.

III

Having found that, with one exception, Mr. Price failed to preserve for appellate review specific objections to the magistrate judge's reports, it nonetheless remains our office to review the record for plain error. For even having failed to preserve a particular issue for appellate review, and thus without meaningful briefing from the parties, under our precedents Mr. Price, as a *pro se* litigant, is still entitled to our examination of his cases for such error. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005). Plain error occurs when there is (1) error (2) that is plain, which (3) affects substantial rights, and which

(4) seriously affects the integrity, or public reputation of judicial proceedings. *Id.* at 1122-23.

We have reviewed the records of both 07-1088 and 07-1141 and can discern no error, let alone plain error, in their disposition sufficient to warrant the issuance of a COA. Indeed, the magistrate judge's two detailed reports, adopted by the district court, leave little room for improvement and deal with each of Mr. Price's claims with care. We do not find any portion of them debatable or wrong.

Finally, because Mr. Price failed to submit a certified account statement within the time extension given by the district court in one case (07-1141) and we agree with the district court assessment in the other case (07-1088) that an appeal would lack any good faith basis, we find that Mr. Price fails to satisfy established legal standards for proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(2), (3). Accordingly, Mr. Price's applications for COA and motions for leave to proceed *in forma pauperis* are denied and his appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge