Talaileva Salie SITIGATA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10764.

Court of Appeals of Alaska.

July 20, 2012.

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

In early 2008, Talaileva Sitigata and another man, Carl Fuavai, jointly assaulted Kraig

Bays by repeatedly punching and kicking him. As a result of this attack, Bays suffered broken teeth and a broken jaw. Sitigata ultimately pleaded guilty to third-degree assault under AS 11.41.220(a)(4)—negligent infliction of serious physical injury on Bays by means of a dangerous instrument.

The question presented in this appeal is whether the superior court could, as part of its sentencing decision, order Sitigata to pay restitution for the expenses attributable to Bays's broken teeth and jaw.

Sitigata asserts that he did not personally cause these injuries—that his co-defendant, Fuavai, was the one who inflicted these injuries during the attack. And based on this factual premise, Sitigata argues that, as a legal matter, he can not be ordered to pay restitution for these injuries—because the charging document to which he pleaded guilty did not specify that he was being charged as Fuavai's accomplice.

Sitigata's argument is mistaken as a matter of law. First, when two or more people jointly engage in an assault, *all* of the participants are criminally accountable for any resulting injury or death. *Riley v. State*, 60 P.3d 204, 211–12 (Alaska App.2002). Second, it is irrelevant whether the charging document expressly stated that Sitigata was being held accountable for the assault as someone else's "accomplice". Alaska law does not recognize any distinction, either for purposes of pleading or for purposes of proof, between defendants who are guilty of a crime based on their own personal conduct and defendants who are guilty of a crime based on the conduct of others for which they are accountable under AS 11.16.110(2)—or defendants who are guilty based on some combination of the two. *Andrew v. State*, 237 P.3d 1027, 1039–1041 (Alaska App.2010).

Accordingly, it was proper for the superior court to order Sitigata to pay the challenged restitution.

*Underlying facts*

As we explained above, Sitigata and Fuavai jointly attacked Bays, and Bays suffered broken teeth and a broken jaw as a result of the attack.

Based on his participation in this crime, Sitigata was initially indicted for second-degree assault under AS 11.41.210(a)(2)—*i.e.*, recklessly causing serious physical injury to another. This charge was ultimately resolved by a plea agreement. Under the terms of this agreement, Sitigata pleaded guilty to a superseding information charging him with the lesser crime of third-degree assault under AS 11.41.220(a)(4)—*i.e.*, negligently causing serious physical injury to Bays by means of a dangerous instrument.

The original indictment expressly declared that Sitigata was guilty of the assault either "as principle [*sic*] or accomplice". However, the information which replaced the indictment did not contain this language.

As part of its sentencing proposal, the State asked the superior court to order Sitigata to pay restitution for the expenses attributable to Bays's injuries. Sitigata's attorney conceded that Sitigata might be responsible for some restitution, but the defense attorney argued that it would be improper for the court to order Sitigata to make full restitution for Bays's injuries.

The defense attorney noted that "the vast majority of the [medical] bills ... appear to be for oral surgery" for the injuries to Bays's teeth and jaw. The defense attorney argued that even though Sitigata had pleaded guilty to committing third-degree assault on Bays, Sitigata did not personally inflict the injuries to Bays's teeth and jaw. And the defense attorney told the court that "there's ... nothing [in the] documents that [Sitigata] pled to ... to suggest that he's going to be responsible for every single thing that happened [to Bays] that day." This was apparently a reference to the fact that the superseding information did not contain an express reference to accomplice liability.

After listening to the defense attorney's argument, Superior Court Judge Eric A. Aarseth perceived—and told the parties— that the underlying issue was whether the restitution for Bays's injuries had to be apportioned based on the individual actions of Sitigata and his co-defendant Fuavai (as the defense attorney was arguing), or whether both men could be held jointly liable for all of

Bays's injuries; and that it did not matter whether particular injuries could be attributed to the actions of a particular defendant (as the State was arguing). The defense attorney agreed that this was the issue to be decided.

At this point, Judge Aarseth told the parties that his understanding of the law was that "[when] you've got co-defendants [who have jointly committed a crime], ... [this fact] negates any notion of ... identifying or separating [out] a specific allocation of responsibility [for each individual co-defendant]." Instead, Judge Aarseth told the parties, the law holds each defendant jointly responsible for all of the victim's injuries— and if Sitigata ended up paying a disproportionate share of the restitution, "[his] recourse [was to] initiat[e] a separate civil action against [his] co-defendant".

However, Judge Aarseth concluded that Sitigata should be given the opportunity to present legal authority in support of his contention that the restitution should be individually apportioned, based on the separate conduct of each co-defendant. For this reason, Judge Aarseth halted the restitution hearing and directed the parties to brief this issue.

When the restitution hearing reconvened several months later, Judge Aarseth was apparently unavailable, and the matter was assigned to Superior Court Judge *pro tempore* Peter G. Ashman.

At this renewed hearing, Sitigata's attorney argued that it was improper to hold Sitigata responsible for the injuries inflicted by his co-defendant Fuavai because the charging document—*i.e.*, the superseding information charging third-degree assault, to which Sitigata pleaded guilty pursuant to the plea agreement—did not contain language expressly charging Sitigata under a complicity theory.

Judge Ashman ultimately rejected this argument, and he ordered Sitigata to pay restitution for all of Bays's injuries.

*Why we uphold the superior court's decision*

In his brief to this Court, Sitigata notes that the restitution statute, AS 12.55.045(a), authorizes a sentencing court to impose restitution for the losses attributable to the defendant's "offense". Sitigata contends that the injuries to Bays's teeth and jaw are not attributable to his offense, and thus the superior court exceeded its authority when it ordered him to pay restitution for these injuries.

■ First, Sitigata argues that he pleaded guilty to a "generic" charge of third-degree assault, in that the charging document did not specify that the victim suffered any particular kind of harm or injury. While it is true that the superseding information did not specify that Bays suffered a broken jaw or broken teeth, the superseding information *did* expressly charge Sitigata with inflicting serious physical injury on Bays. And under the facts of this case, the only serious physical injury that Bays suffered was the injury to his teeth and jaw.

■ Sitigata next argues that, even though he and his co-defendant Fuavai jointly participated in the attack on Bays, there is "no credible evidence" that Sitigata (as opposed to Fuavai) was the one who broke Bays's teeth and jaw. Sitigata notes that the charging document (*i.e.*, the superseding information) does not expressly state that Sitigata was prosecuted under the theory that he acted as Fuavai's accomplice—and Sitigata contends that, unless he was convicted as Fuavai's accomplice, he can not be held responsible for the injuries inflicted by Fuavai.

■ This argument is contrary to Alaska law. In *Riley v. State*, 60 P.3d 204, 211–12 (Alaska App.2002), this Court stated that when two or more people jointly engage in an assault, *all* of the participants are criminally accountable for any resulting injury or death.

(We add, for clarification, that even though each participant is accountable for the *results* of the assault, whenever a participant's guilt, or the degree of their guilt, hinges on proof of a particular culpable mental state, each participant's culpable mental state is evaluated separately. *Riley*, 60 P.3d at 213–14, 220–21.)

■ This rule of joint accountability holds true even though the charging document does not include an express reference to accomplice liability—that is, a reference to the rules codified in AS 11.16.110(2) for holding one person criminally accountable for the acts of others.

As we explained in *Andrew v. State*, 237 P.3d 1027 (Alaska App.2010), the common-law distinctions between principals in the first degree, principals in the second degree, and accessories before the fact have been abrogated under Alaska law. *Andrew*, 237 P.3d at 1032–33. Instead, Alaska law follows the Model Penal Code approach, using the term "accomplice" to refer to *all* persons who can be held accountable for the commission of a crime under AS 11.16.100—whether by virtue of their own conduct, or by virtue of the conduct of others for which they are responsible under AS 11.16.110(2), or through a combination of both. *Andrew*, 237 P.3d at 1029–1030, 1036.

■ Alaska law does not recognize any distinction, either for purposes of pleading or for purposes of proof, between defendants who are guilty of a crime based on their own personal conduct and defendants who are guilty of a crime based on the conduct of others for which they are accountable under AS 11.16.110(2). *Andrew*, 237 P.3d at 1039–1041. As we explained in *Andrew*, "it is immaterial whether the elements of the crime are satisfied by the defendant's own behavior, or by the behavior of another person for which he is accountable, or by both."

*Andrew*, 237 P.3d at 1037, quoting the Alaska Criminal Code Revision, Tentative Draft, Part 2 (February 1977), p. 30.

■ It is likewise immaterial whether the charging document expressly refers to the defendant as an "accomplice", or whether the charging document otherwise refers to the defendant's liability for the conduct of others under the rules codified in AS 11.16.110(2). Even when the charging document makes no mention of vicarious liability, the State can properly introduce and rely on evidence that the offense was committed in whole or in part through the conduct of others for which the defendant is accountable under AS 11.16.110(2). *Andrew*, 237 P.3d at 1034–35.[1]

Accordingly, the injuries to Bays's teeth and jaw are the result of Sitigata's offense, regardless of whether Sitigata personally delivered the punches or kicks that caused these injuries. The superior court could properly order Sitigata to pay restitution for these injuries.

*Conclusion*

The judgement of the superior court is AFFIRMED.

---

**1.** Citing *Morris v. State*, 630 P.2d 13, 15–16 (Alaska 1981); *Scharver v. State*, 561 P.2d 300, 302 (Alaska 1977); *Baker v. State*, 905 P.2d 479, 485– 86 (Alaska App.1995); *Miller v. State*, 866 P.2d 130, 137 (Alaska App.1994).