DAVIS, Chief Justice.
[¶1] Monty Sullivan filed a petition under the Post-Conviction Determination of Factual Innocence Act claiming new evidence showed he was innocent of the first-degree sexual abuse of a minor for which he was convicted in 2009. The district court dismissed the petition for failing to identify newly discovered evidence and for making conclusory claims, and Mr. Sullivan appeals. We affirm.
ISSUES
[¶2] Mr. Sullivan presents two issues on appeal, which he states as follows:
I. Did the district court err in finding Mr. Sullivan did not present newly discovered evidence in his post-conviction petition for determination of factual innocence?
II. Was this denial premature in light of the district court's refusal to grant Mr. Sullivan an evidentiary hearing?
FACTS
[¶3] Mr. Sullivan was convicted of two counts of first-degree sexual abuse of a minor in 2009. We described the underlying facts in our decision affirming the conviction:
In February of 2009, the Wyoming Department of Family Services (DFS) took K.T., a minor child who was then nine years old, to the Child Advocacy Project (CAP) in Casper, Wyoming, to be interviewed. During the interview, K.T. revealed that on two separate occasions in her grandmother's bedroom, Sullivan attempted to have sex with her but because it was too painful, K.T. stated that Sullivan anally raped her when she was seven and eight years old. K.T. also revealed that Sullivan made her taste his semen, and that there were occasions when Sullivan made her sit on his lap while he watched pornography on the computer. During one specific instance, K.T. recalled that Sullivan was rubbing K.T.'s private area through her clothes.
The Thermopolis Police Department interviewed Sullivan after learning of the CAP interview with K.T. They informed Sullivan of K.T.'s allegations, which he initially denied. Eventually, Sullivan admitted to law enforcement that he had done to K.T. what she alleged him to have done.
Sullivan v. State , 2011 WY 46, ¶¶ 3-4, 247 P.3d 879, 880-81 (Wyo. 2011) (footnote omitted).
[¶4] In 2011, following this Court's mandate affirming the judgment against him, Mr. Sullivan filed a petition for post-conviction *1259 relief. He claimed that his trial counsel was ineffective and that his appellate counsel was ineffective in failing to assert ineffective assistance of counsel in his direct appeal. Mr. Sullivan argued several grounds for his ineffective assistance of trial counsel claim, including: 1) failure to challenge his confession to law enforcement; 2) failure to depose the victim's physician; 3) failure to present expert testimony regarding alleged defects in the victim interview; and 4) failure to present evidence of sexual abuse of the victim by her uncle. The district court denied Mr. Sullivan's petition, and this Court denied his petition for a writ of review.
[¶5] On April 23, 2018, Mr. Sullivan filed a pro se petition for relief under the Post-Conviction Determination of Factual Innocence Act (hereinafter "Act" or "Factual Innocence Act"). As grounds for his petition, he asserted newly discovered evidence consisting of: 1) a defense counsel interview of the victim's physician during which the physician stated that he found limited signs of sexual abuse, that he referred the victim to a gynecologist, and that the record contained no indication that a rectal examination of the victim had been performed; 2) the victim's prior allegations against her biological father and uncle; 3) a February 22, 2018 newspaper article reporting that the victim's uncle, Glenn Tanner, had pled guilty to the 2007 second-degree sexual abuse of an unnamed minor; and 4) an assertion that law enforcement witnesses lied when they testified that Mr. Sullivan confessed to first-degree sexual abuse of the victim.
[¶6] On August 13, 2018, the district court entered an order summarily denying Mr. Sullivan's actual innocence petition because it failed to cite newly discovered evidence and made irrelevant and conclusory allegations. Mr. Sullivan filed a timely notice of appeal to this Court.
STANDARD OF REVIEW
[¶7] We review a district court's summary dismissal of a factual innocence petition de novo. Parkhurst v. State , 2019 WY 63, ¶ 9, 443 P.3d 834, 836 (Wyo. 2019) (quoting Miller v. State , 340 P.3d 795, 796 (Utah App. 2014) (per curiam)). This appeal also presents a question of statutory interpretation concerning a district court's grounds for dismissing a factual innocence petition, which is a question of law that we likewise review de novo. Parkhurst , ¶ 9, 443 P.3d at 836.
DISCUSSION
[¶8] Mr. Sullivan contends the district court erred in finding that he had not presented newly discovered evidence to support his factual innocence petition and that its dismissal of his petition was thus premature.
A. Initial Review Requirement under the Act
[¶9] The legislature enacted the Factual Innocence Act in 2018. Wyo. Stat. Ann. §§ 7-12-401 to 407 (LexisNexis 2019). The Act allows a person convicted of a felony offense to petition for a hearing to establish that he or she is factually innocent, sets forth specific requirements for the petition, and it mandates a two-stage process before the district court. Wyo. Stat. Ann. §§ 7-12-403, 404; see also Brown v. State , 308 P.3d 486, 493-94 (Utah 2013) (interpreting Utah's similarly structured act). The district court is required to first review the petition to see that it meets certain of the Act's requirements. Wyo. Stat. Ann. §§ 7-12-403(c), 404(b). If it does not, the district court is required to dismiss the petition.
[¶10] The district court dismissed Mr. Sullivan's petition after initial review. To begin our discussion, then, we must determine how a district court is to view a petition's allegations or averments in conducting the initial review required by sections 403(c) and 404(b) of the Act. In doing so, we are guided by our rules of statutory interpretation.
"When we interpret statutes, our goal is to give effect to the intent of the legislature, and we 'attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.' " Fugle v. Sublette County School Dist. No. 9 , 2015 WY 98, ¶ 8, 353 P.3d 732, 734 (Wyo. 2015) (quoting *1260 Krenning v. Heart Mountain Irrigation Dist. , 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo. 2009) ). "Where legislative intent is discernible a court should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.' " Adekale v. State , 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015) (quoting Rodriguez v. Casey , 2002 WY 111, ¶ 20, 50 P.3d 323, 329 (Wyo. 2002) ).
We therefore construe each statutory provision in pari materia , giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence. When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.
PacifiCorp, Inc. v. Wyo. Dep't of Revenue , 2017 WY 106, ¶ 10, 401 P.3d 905, 908-09 (Wyo. 2017) (quoting Nicodemus v. Lampert , 2014 WY 135, ¶ 13, 336 P.3d 671, 674 (Wyo. 2014) ).
Wyo. Jet Center, LLC v. Jackson Hole Airport Bd. , 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019).
[¶11] Sections 403 and 404 of the Act set forth the requirements for the petition and mandate initial review by the district court. Section 403 provides in relevant part:
(b) The petition shall contain an assertion of factual innocence under oath by the petitioner and shall aver, with supporting affidavits or other credible documents, that:
(i) Newly discovered evidence exists that, if credible, establishes a bona fide issue of factual innocence;
(ii) The specific evidence identified by the petitioner establishes innocence and is material to the case and the determination of factual innocence;
(iii) The material evidence identified by the petitioner is not merely cumulative of evidence that was known, is not reliant solely upon recantation of testimony by a witness against the petitioner and is not merely impeachment evidence;
(iv) When viewed with all other evidence in the case, whether admitted during trial or not, the newly discovered evidence demonstrates that the petitioner is factually innocent; and
(v) Newly discovered evidence claimed in the petition is distinguishable from any claims made in prior petitions.
(c) The court shall review the petition in accordance with the procedures in W.S. 7-12-404, and make a finding whether the petition has satisfied the requirements of subsection (b) of this section. If the court finds the petition does not meet all the requirements of subsection (b) of this section, it shall dismiss the petition without prejudice and send notice of the dismissal to the petitioner, the district attorney, and the attorney general .
Wyo. Stat. Ann. § 7-12-403 (emphasis added).
[¶12] Section 404(b) of the Act directs that "[t]he assigned district judge shall conduct an initial review of the petition. If it is apparent to the court that the petitioner is merely relitigating facts, issues or evidence presented in previous proceedings or presenting issues that appear frivolous or speculative on their face, the court shall dismiss the petition[.]" Wyo. Stat. Ann. § 7-12-404(b).
[¶13] The question then is whether W.R.C.P. 12(b)(6) requires the district court to accept allegations in a factual innocence petition as true when conducting its initial review of the petition. We hold that it does not, and that factual innocence petitions should be reviewed for dismissal in the same manner as petitions under our general post-conviction relief act. Wyo. Stat. Ann. §§ 7-14-101 to 108 (LexisNexis 2019).
[¶14] The Factual Innocence Act and the general post-conviction relief act specify that the Wyoming Rules of Civil Procedure apply to their respective petitions and proceedings to the extent not inconsistent with the governing statutes.
*1261 Wyo. Stat. Ann. § 7-12-403(h), § 7-14-101(c). With respect to petitions under the general post-conviction relief act, we have held that the district court is not required to accept the petition's factual allegations as true as it must when considering a motion to dismiss a complaint under W.R.C.P. 12(b)(6). Schreibvogel v. State , 2012 WY 15, ¶ 8, 269 P.3d 1098, 1101 (Wyo. 2012) (citing Harlow v. State , 2005 WY 12, ¶ 7, 105 P.3d 1049, 1059 (Wyo. 2005) ). We have explained:
Before a person is entitled to an evidentiary hearing on a petition for post-conviction relief, there must be set forth in the text of the petition and the required supporting attachments a substantial claim plus some specificity in support of the claim. Boggs v. State, Wyo ., 484 P.2d 711 (1971). In order to justify a hearing, there must be more than a naked statement of a conclusion unsupported by an evidentiary basis. Cook v. State , 220 Kan. 223, 552 P.2d 985 (1976) ; State v. Gillihan , 85 N.M. 514, 514 P.2d 33 (1973). There must not only be verified factual allegations in the petition, § 7-14-101, but the statutory requirement is that they must be supported, likewise with some specificity, § 7-14-102.
State ex rel. Hopkinson v. District Court, Teton County , 696 P.2d 54, 61 (Wyo. 1985).
[¶15] We presume that the legislature is aware of our interpretation of the general post-conviction relief act, and the manner in which we have applied the rules of civil procedure to petitions under that law. See Wyo. Jet Center , ¶ 12, 432 P.3d at 915 (Court presumes that legislature acts with knowledge of existing law). Given that the legislature used similar language in both acts concerning the applicability of the rules, we presume that it anticipated the same approach in this situation. This is particularly likely because the Factual Innocence Act, like the general post-conviction relief act, requires certain specific averments, and requires that those averments to be supported by "affidavits or other credible documents." Wyo. Stat. Ann. § 7-12-403(b). We thus conclude that while the rules of civil procedure generally apply to a district court's consideration of a factual innocence petition, the court is not required to accept the petition's allegations as true in evaluating their adequacy.[1]
[¶16] We turn then to the district court's initial review and dismissal of Mr. Sullivan's petition.
B. District Court's Dismissal
[¶17] The Act requires dismissal of a factual innocence petition if it fails to aver, with supporting affidavits or other credible documents, that "[n]ewly discovered evidence exists that, if credible, establishes a bona fide issue of factual innocence." Wyo. Stat. Ann. § 7-12-403(b)(i), (c). "Bona fide issue of factual innocence" means that "the newly discovered evidence presented by the petitioner, if credible, would clearly establish the petitioner's factual innocence." Wyo. Stat. Ann. § 7-12-402(a)(i). As it pertains to Mr. Sullivan's claim, "factual innocence" means that he "[d]id not engage in the conduct for which he was convicted." Wyo. Stat. Ann. § 7-12-402(a)(ii)(A). The Act also requires dismissal of a petition if it presents issues "that appear frivolous or speculative on their face." Wyo. Stat. Ann. § 7-12-404(b).
[¶18] Mr. Sullivan concedes that the district court properly ruled on most of the *1262 evidence cited in his factual innocence petition as new evidence. The only ruling he challenges is the court's rejection of the 2018 newspaper article, which reported that KT's uncle, Glenn Tanner, had pled guilty to sexual abuse of a minor for acts occurring in 2007. He contends that because the sexual abuse for which he was convicted was also alleged to have occurred in 2007, Mr. Tanner's plea is evidence that KT misattributed the acts to him. He argues that because the plea evidence was not available for his 2009 trial, it qualifies as newly discovered evidence and was sufficient to warrant an evidentiary hearing on his factual innocence claim. We disagree.
[¶19] Glenn Tanner's reported guilty plea did not clearly establish Mr. Sullivan's factual innocence. First, the cited newspaper article did not identify the victim as KT, and Mr. Sullivan cited no other credible source identifying the victim as KT. Moreover, even if the petition had contained a verified averment that KT was the victim, the evidence would not have clearly established Mr. Sullivan's innocence. KT testified at trial that three men sexually abused her: Mr. Sullivan, Glenn Tanner, and her biological father. Glenn Tanner's plea does not mean that Mr. Sullivan and KT's biological father did not also abuse her, and it therefore fails to clearly establish Mr. Sullivan's innocence. The petition was therefore properly dismissed for failing to comply with the section 403(b)(i) requirement that the proffered evidence establish a bona issue of factual innocence.
[¶20] Dismissal was also warranted by section 404(b)'s requirement that a petition be dismissed if it presents issues that appear speculative. The plain meaning of "appear" is "to have an outward aspect: seem." Merriam-Webster's Collegiate Dictionary 60 (11th ed. 2007). The plain meaning of "speculative" is "theoretical rather than demonstrable." Id . at 1199. Mr. Sullivan's claim of misattribution is a theory and no more. It does not demonstrably establish his factual innocence.[2]
CONCLUSION
[¶21] Although the rules of civil procedure generally apply to petitions under the Factual Innocence Act, a district court is not required on its initial review of a petition to accept its allegations as true. The district court properly dismissed Mr. Sullivan's petition on its initial review for failing to cite newly discovered evidence that would clearly establish his factual innocence. Affirmed.

We recognize this approach differs from that taken by Utah courts in interpreting that state's similar factual innocence act. The distinction we find is that by statute, factual innocence proceedings in Utah are civil proceedings governed by the rules of civil procedure. Utah Code Ann. § 78B-9-102(1)(a) (LexisNexis Supp. 2018) ("Proceedings under this chapter are civil and are governed by the rules of civil procedure."); see also Perea v. State , 438 P.3d 77, 80 n.5 (Utah App. 2018). In contrast, proceedings under Wyoming's post-conviction statutes are criminal proceedings to which the rules of civil procedure apply to the extent not otherwise inconsistent with the statutes. Wyo. Stat. Ann. § 7-12-403(h) ("Except as provided in this act, and unless otherwise inconsistent with the provisions of this act, the petition and all subsequent proceedings shall be governed by the Wyoming Rules of Civil Procedure and the Wyoming Rules of Evidence and shall include the underlying criminal case number."); see also Harlow , ¶ 7, 105 P.3d at 1059 ("Furthermore, we have previously made it clear that post-conviction relief proceedings, while utilizing some rules of civil procedure, are continuations of criminal proceedings, and that, therefore, the petition is not comparable to a civil complaint such that notice pleading is sufficient, or that the contents of the petition must be taken as true.").

The theory itself is not new. Although it was not developed at trial in the manner Mr. Sullivan believes it should have been, defense counsel did argue misattribution at trial based on KT's allegations against her biological father and Glenn Tanner.