# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 109

APRIL TERM, A.D. 2020

*August 25, 2020*

GERALD LEE UDEN,

**Appellant**
**(Defendant),**

v.

S-20-0054

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
    Gerald Lee Uden, Pro Se.

*Representing Appellee:*
    Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney
    General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak,
    Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Gerald Lee Uden pleaded guilty to three counts of first degree murder in 2013, and, six years later, sought exoneration under the Post-Conviction Determination of Factual Innocence Act (the Factual Innocence Act or the Act), Wyo. Stat. Ann. §§ 7-12-401 through 407 (LexisNexis 2019).  The district court dismissed his petition as deficient under the Act, and Mr. Uden appealed.  Concluding we lack jurisdiction because the court's order dismissing Mr. Uden's petition is not a final appealable order, we dismiss.

## *ISSUE*

[¶2]    The State's jurisdictional issue is dispositive: whether we lack jurisdiction because the court's order dismissing Mr. Uden's petition is not a final appealable order.

## *BACKGROUND*

[¶3]    In 2013, Mr. Uden pleaded guilty to three counts of first degree murder.  Mr. Uden testified to the underlying facts of each count at his arraignment and sentencing hearing.  He testified as follows.

[¶4]    On September 12, 1980, Mr. Uden met his ex-wife, Virginia, and two adopted sons, Reagan and Richard, at an agreed location in Fremont County after Richard's medical appointment.  They drove further North to "a place where there's an irrigation canal that the road goes by really close."  Reagan and Richard wished to shoot a rifle and, once there, Virginia removed a .22 rifle from her vehicle.

[¶5]    Mr. Uden initially tested the rifle, and then turned it on Virginia, Reagan, and Richard.  He first shot Virginia "in the back of her head."  He then "shot [Richard] behind the ear" as Richard stood near the rear of the vehicle.  Reagan ran away after watching Mr. Uden shoot his mother and brother but tripped and fell in a ditch.  As Reagan lay in the ditch, Mr. Uden approached him "very quietly, and [] shot him behind the ear."

[¶6]    Mr. Uden then embarked on an elaborate process to hide the bodies.  Initially, he left the bodies in "the old gold mines in Lewiston."  About one month later, Mr. Uden decided to recover the bodies from the gold mines and sink them to the bottom of Fremont Lake.  To do so, he placed Virginia in a 55-gallon drum and Reagan and Richard in a 35-gallon drum, sealed the drums, and then drilled holes in the sides of each drum.  He navigated to a point in the lake deeper than his drop line could measure—"it was at least 450 feet deep"—and dropped the drums into the lake.  "They sank rapidly."

[¶7]    Now, over six years after pleading guilty, Mr. Uden filed a petition for post-conviction determination of factual innocence among various other pro se motions regarding his convictions and sentence.  He alleged in his petition that he found newly

1

discovered evidence proving his factual innocence in transcripts of his guilty plea—namely, errors caused by the court and defense counsel. The court dismissed Mr. Uden's petition, finding it failed to meet the Factual Innocence Act's statutory requirements. Mr. Uden appeals that dismissal, pro se.

## *DISCUSSION*

[¶8]     Mr. Uden raises several issues; however, our threshold concern is whether we have jurisdiction to hear his appeal. *See Inman v. Inman* (*In re Est. of Inman*), 2016 WY 101, ¶ 9, 382 P.3d 67, 69 (Wyo. 2016). "The existence of jurisdiction is a question of law" which we review de novo. *Id.* (citing *Brown v. City of Casper*, 2011 WY 35, ¶ 8, 248 P.3d 1136, 1139 (Wyo. 2011)).

[¶9]     The Act expressly provides that "[a]n order granting or denying a petition under this [A]ct is appealable by either party[,]" but it does not address whether a dismissal order is appealable. Wyo. Stat. Ann. § 7-12-407.  This is the first time the State asserts we lack jurisdiction to hear such an appeal—the State took no issue with the finality of similar dismissal orders in prior appeals. *See Sullivan v. State*, 2019 WY 71, 444 P.3d 1257 (Wyo. 2019); *Parkhurst v. State*, 2019 WY 63, 443 P.3d 834 (Wyo. 2019); *Goetzel v. State*, 2019 WY 27, 435 P.3d 865 (Wyo. 2019).  With the issue whether a district court's order dismissing a factual innocence petition for statutory noncompliance is a final appealable order squarely before us, we conclude it is not.

[¶10]   We begin by recapping the nature of a district court's initial review under the Factual Innocence Act and the statutory requirements a petition must satisfy in order to survive that review.  In *Sullivan*, we read sections 403(b), (c), and 404(b) *in pari materia* to mandate an initial review process whereby the district court assesses a petition's compliance with the combined requirements of those sections.  *Sullivan*, ¶¶ 11–12, 444 P.3d at 1260. Section 403(b) and (c) require:

> (b) The petition shall contain an assertion of factual innocence under oath by the petitioner and shall aver, with supporting affidavits or other credible documents, that:
>
>> (i) Newly discovered evidence exists that, if credible, establishes a bona fide issue of factual innocence;
>>
>> (ii) The specific evidence identified by the petitioner establishes innocence and is material to the case and the determination of factual innocence;

2

(iii) The material evidence identified by the petitioner is not merely cumulative of evidence that was known, is not reliant solely upon recantation of testimony by a witness against the petitioner and is not merely impeachment evidence;

(iv) When viewed with all other evidence in the case, whether admitted during trial or not, the newly discovered evidence demonstrates that the petitioner is factually innocent; and

(v) Newly discovered evidence claimed in the petition is distinguishable from any claims made in prior petitions.

(c) The court shall review the petition in accordance with the procedures in W.S. 7-12-404, and make a finding whether the petition has satisfied the requirements of subsection (b) of this section. If the court finds the petition does not meet all the requirements of subsection (b) of this section, it shall dismiss the petition without prejudice and send notice of the dismissal to the petitioner, the district attorney, and the attorney general.

Wyo. Stat. Ann. § 7-12-403; *see also Sullivan*, ¶ 11, 444 P.3d at 1260. Section 404(b) further requires that "[t]he assigned district judge shall conduct an initial review of the petition. If it is apparent to the court that the petitioner is merely relitigating facts, issues or evidence presented in previous proceedings or presenting issues that appear frivolous or speculative on their face, the court shall dismiss the petition[.]" Wyo. Stat. Ann. § 7-12-404(b); *see also Sullivan*, ¶ 12, 444 P.3d at 1260.

[¶11] The district court dismissed Mr. Uden's petition after reviewing it in this manner and against these statutory requirements. Specifically, the district court noted how Mr. Uden's petition "improperly attempt[ed] to assert a deprivation of rights claim via the Factual Innocence Act." Recognizing that the scope of the Factual Innocence Act is plainly limited to claims of factual innocence based on newly discovered evidence, the court found the petition "frivolous on its face," under section 404(b), and noncompliant with section 403(b) because the petition failed to assert a factual innocence claim based on newly discovered evidence.

[¶12] The district court determined that Mr. Uden's petition was noncompliant with both 403(b) and 404(b) but did not specify whether it dismissed the petition with, or without, prejudice. In *Sullivan*, we did not address that 403(c) directs the court to dismiss a

3

noncompliant petition without prejudice, but 404(b) is silent as to the nature of the dismissal.  Reading those sections *in pari materia*, however, it is clear the crux of any dismissal following the court's initial review under 403(c) and 404(b) is the petitioner's failure to assert factual innocence or to support his assertion with credible documentation of "newly discovered evidence"[1] sufficient to establish "a bona fide issue of factual innocence."  Wyo. Stat. Ann. § 7-12-403(b)(i).  Though a noncompliant petition must be dismissed, the Act does not foreclose a petitioner from filing a later, compliant petition.[2]  We therefore conclude the district court dismissed Mr. Uden's petition without prejudice.

[¶13]  "Our jurisdiction 'is limited to appeals from final appealable orders.'"  *Painter v. Stefka ex rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 10, 450 P.3d 1243, 1245 (Wyo. 2019) (quoting *In re Est. of Inman*, ¶ 9, 382 P.3d at 69).  Dismissals without prejudice often are considered non-final, and therefore non-appealable.[3]  When applying Rule 1.05, however, we put substance (the effect the order has on the parties' rights) over form (without prejudice).  *Stone v. Stone*, 842 P.2d 545, 548 (Wyo. 1992) (citation omitted) ("Most appellate courts, in addressing finality, agree that the substance should be elevated over the form of the order."); *Painter*, ¶ 13, 450 P.3d at 1246 (citation omitted) ("Instead of emphasizing the name given to an action below, we . . . concentrate on the effect the order has on the parties' rights.").

[¶14]  An "appealable order" is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]"  W.R.A.P. 1.05(a); *see also Escobedo v. State*, 601 P.2d 1028, 1029 (Wyo. 1979); *In re Est. of Hibsman*, 2012 WY 139, ¶ 17, 287 P.3d 757, 761 (Wyo. 2012) ("The more rigorous requirement of

---

[1] The legislature defined "[n]ewly discovered evidence," in relevant part, as "evidence that was not available to the petitioner at trial or during the resolution by the trial court of any motion to withdraw a guilty plea or motion for new trial and which is relevant to the determination of the issue of factual innocence."  Wyo. Stat. Ann. § 7-12-402(a)(iv).

[2] Notably, however, the district court must dismiss any subsequent petition that fails to document newly discovered evidence distinguishable from an earlier petition(s), or to otherwise satisfy the statutory requirements in 403(b) and 404(b).  Wyo. Stat. Ann. §§ 7-12-403(b)(v), (c) and 404(b).

[3] *See, e.g.*, *Amos v. Lincoln Cnty. Sch. Dist. No. 2*, 2015 WY 115, ¶ 36, 359 P.3d 954, 964 (Wyo. 2015); *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 67 n.2 (Mo. 2018) (en banc); *Farmers Union Mut. Ins. Co. v. Bodell*, 2008 MT 363, ¶ 17, 346 Mont. 414, 417, 197 P.3d 913, 915–16 (Mont. 2008); *Cichos v. Dakota Eye Inst., P.C.*, 2019 ND 234, ¶ 22, 933 N.W.2d 452, 461 (N.D. 2019); *McClellan v. State*, 2012 UT App 316, ¶ 7, 290 P.3d 326, 329 (Utah Ct. App. 2012); *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001); *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994); *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008); *Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005); *S.B. v. KinderCare Learning Ctrs., LLC*, 815 F.3d 150, 152 (3d Cir. 2016); *but see Carabajal v. State*, 2020 WY 104, — P.3d — (Wyo. 2020) (reversing the trial court's order granting the State's Rule 48 motion to dismiss the charges without prejudice, and remanding for entry of an order dismissing the charges with prejudice where the State filed its motion in bad faith); *People v. Gabriesheski*, 262 P.3d 653, 657 (Colo. 2011) ("The dismissal of all charges in a criminal prosecution clearly ends the particular action in which the order of dismissal is entered and therefore constitutes a final judgment for purposes of the appellate review of any ruling in the case.").

W.R.A.P. 1.05 . . . is that the order affects a 'substantial right.'"); *Inman v. Williams*, 2008 WY 81, ¶¶ 11, 17–18, 187 P.3d 868, 875, 876 (Wyo. 2008) (concluding the trial court's order was not appealable because it did not affect a substantial right). "To be final, the order must determine all liabilities of all parties and leave nothing for future consideration." *Est. of McLean ex rel. Hall v. Benson*, 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003); *see also Lower v. Peabody Powder River Services, LLC.*, 2020 WY 33, ¶¶ 11–12, 459 P.3d 443, 446–47 (Wyo. 2020) (the order "must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues"); *Painter*, ¶ 10, 450 P.3d at 1246 (same).

[¶15]   The substantial right at issue for any Factual Innocence Act petitioner is the right— whether "[u]pon stipulation of the parties or the state's motion for dismissal of the original charges" or the petitioner's proof of "factual innocence by clear and convincing evidence"—to "an order of factual innocence and exoneration and . . . expungement of the records of the original conviction." Wyo. Stat. Ann. § 7-12-404(o)-(p).  The dismissal of a Factual Innocence Act petition without prejudice following initial review for statutory compliance does not affect this right.   Nor does it preclude future consideration of petitioner's claims.

[¶16]   Instead, as noted above, the Act expressly contemplates that a petitioner may have more than one shot at establishing his factual innocence.  The Act requires only that "[n]ewly discovered evidence claimed in the petition [must be] distinguishable from any claims made in prior petitions." Wyo. Stat. Ann. § 7-12-403(b)(v).  And the Act imposes no statute of limitations. *See* Wyo. Stat. Ann. §§ 7-12-401 to 407; *see also Price v. Reid*, 161 F. App'x 773, 775–76 (10th Cir. 2006) (finding an order dismissing a federal habeas petition without prejudice to be a final appealable order *because* the applicable statute of limitations would bar refiling); *Dolis v. Chambers*, 454 F.3d 721, 723 (7th Cir. 2006) (same); *cf.* Utah Code Ann. § 78B-9-107 (setting a statute of limitations for postconviction relief petitions, including factual innocence petitions).  In other words, the dismissal of one petition leaves for possible future consideration on the merits a petition that complies with the requirements at §§ 7-12-403(b) and 404(b).  We did not change that fact when we summarily affirmed the dismissal of facially deficient petitions in *Sullivan*, ¶¶ 18–20, 444 P.3d at 1261–62, *Parkhurst*, ¶ 11, 443 P.3d at 837, or *Goetzel*, ¶ 8 n.2, 435 P.3d at 868 n.2. Therefore, the dismissal of a Factual Innocence Act petition without prejudice following an initial determination of statutory noncompliance is not a final judgment which can be appealed.[4]   *See* W.R.A.P. 1.05; *In re Est. of Hibsman*, ¶ 17, 287 P.3d at 761; *Est. of McLean*, ¶ 8, 71 P.3d at 753; *Lower*, ¶¶ 11–12, 459 P.3d at 446–47.

---

[4] We note that a petitioner who can support a claim that the district court erred by dismissing his petition following initial review under Wyo. Stat. Ann. §§ 7-12-403(b), (c) and 404(b) may apply to this Court for a writ of review within 15 days after entry of the dismissal order. *See* W.R.A.P. 13.02 ("A writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action . . . which is not otherwise appealable under these rules[.]"), 13.03(a) ("A petition for a writ of review must be filed with the reviewing court within 15 days after entry of the order from which relief is sought.").

[¶17]  When the district court dismissed Mr. Uden's petition because it was frivolous and because he relied on old evidence from his guilty plea hearing to claim violation of his constitutional rights, not his factual innocence, it ruled simply that he could not maintain his noncompliant petition—the State need not respond and no hearing need be scheduled. *See* Wyo. Stat. Ann. § 7-12-404(b) ("If, upon completion of the initial review, the court does not dismiss the petition, it shall order the district attorney to file a response to the petition."), (d) ("After the time for response by the district attorney has passed, the court shall order a hearing if it finds the petition meets the requirements of W.S. 7-12-403 and finds there is a bona fide and compelling issue of factual innocence regarding the charges of which the petitioner was convicted.").  If Mr. Uden could credibly document the existence of newly discovered evidence that establishes a bona fide issue of his factual innocence, he would be free to file a petition that satisfied all the Act's requirements.[5] Anything short of that, however, would again be subject to dismissal following the court's initial review.  *See Sullivan*, ¶¶ 11–12, 444 P.3d at 1260; Wyo. Stat. Ann. §§ 7-12-403(b)-(c), 7-12-404(b).

## *CONCLUSION*

[¶18]  Because the order dismissing Mr. Uden's Factual Innocence Act petition following initial review under Wyo. Stat. Ann. §§ 7-12-403(b), (c) and 404(b) is not a final appealable order, we lack jurisdiction over Mr. Uden's appeal.  W.R.A.P. 1.05.

[¶19]  Dismissed.

---

[5] We agree with the district court that it is difficult to imagine how Mr. Uden could credibly assert a bona fide factual innocence claim given his detailed admissions as to how and why he murdered his ex-wife and sons.

6