# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 110

OCTOBER TERM, A.D. 2021

October 12, 2021

CRYSTAL R. BELANGER,

Appellant
(Defendant),

v.

S-21-0025

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
Crystal R. Belanger, pro se.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Senior Assistant Attorney General.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Crystal R. Belanger received overpayments of supplemental nutrition and child care assistance based on her failure to disclose she and her children were living with Ricky Pollock (Father), the father of two of her three children.  Ms. Belanger pled guilty to obtaining property by false pretenses, received a deferred prosecution under Wyo. Stat. Ann. § 7-13-301, and was ordered to pay restitution.  She challenges the restitution, contending the evidence does not support the award.  She also argues that she should not have been held solely responsible for the restitution contending that Father should have been required to pay a portion.  We affirm.

## ISSUES

[¶2]    We first address a threshold issue, upon which our jurisdiction depends:

> 1.    Is a restitution order issued pursuant to Wyo. Stat. Ann.
>        § 7-13-301 appealable?

We then address Ms. Belanger's issues, which we rephrase:

> 2.    Did the district court abuse its discretion in awarding
>        restitution that included overpayments for time periods
>        during which Ms. Belanger asserts she was eligible for
>        assistance?

> 3.    Did the district court err when it ordered Ms. Belanger
>        to pay restitution that she asserts Father should be liable
>        to pay?

## FACTS

[¶3]    Ms. Belanger applied for and received benefits from the Supplemental Nutrition Assistance Program (SNAP) and the child care assistance program.  The State alleged that in her applications between 2014 and 2017, Ms. Belanger falsely stated that she and her children were living with her grandmother, when they were living with Father.  If Father's income had been added to the household income for that period, Ms. Belanger would not have qualified for all of the benefits she received.  The State charged Ms. Belanger with one count of obtaining property by false pretenses pursuant to Wyo. Stat. Ann. § 6-3-407(a)(i) (LexisNexis 2019), *repealed by* 2020 Wyo. Sess. Laws 289, 293 (ch. 90, § 3). She pled not guilty.

[¶4]    Later, Ms. Belanger entered into a plea agreement where she agreed to plead guilty to the charge, and the State agreed to recommend a deferred prosecution under Wyo. Stat.

1

Ann. § 7-13-301. Ms. Belanger reserved the right to challenge the restitution. At her change of plea hearing, Ms. Belanger testified that she contested the Department of Family Services (DFS) overpayment calculations because they included time periods when she was not living with Father.

[¶5] At sentencing, Ms. Belanger's grandmother, Deborah Camara, testified that Ms. Belanger lived with her from November 2015 through April 2017. Ms. Camara admitted that during that period, there were times when Ms. Belanger did not stay with her but testified that Ms. Belanger was at her house "absolutely more" than fifty percent of the time.

[¶6] Michele Rossetti, a DFS supervisor, testified regarding DFS' investigation and its overpayment calculations. Ms. Rossetti testified that DFS determined that Ms. Belanger resided with Father from October 2014 through April 2017 (time frame). DFS relied on the following evidence in establishing this time frame:

- An October 2014 acknowledgement of paternity listed Father's address for Father and Ms. Belanger.
- In October 2014, Ms. Belanger added Father to her household for Medicaid benefits.
- In February 2015, Ms. Belanger contacted the child support enforcement office to update her address to Father's address.
- On an August 2015 employment application, Ms. Belanger listed Father's address as her address.
- School records for the time frame showed Father's address as the home address of Ms. Belanger's daughter.
- Pay stubs submitted to DFS listed Ms. Belanger's address as the same as Father's.
- A May 2016 acknowledgement of paternity listed Father's address for Father and Ms. Belanger.
- Ms. Belanger told Ms. Rossetti that she lived with Father more than with her grandmother from October 2014 through April 2017.
- Father admitted to Ms. Rossetti that Ms. Belanger had lived with him during the time frame.

DFS determined that Ms. Belanger lived with Father from October 2014 through April 2017. According to DFS, when Ms. Belanger and Father were living together, Father and Ms. Belanger's incomes were required to be added to determine her benefit eligibility. When DFS recalculated Ms. Belanger's eligibility using both incomes, she was not entitled to all the benefits she received. SNAP and child care assistance overpayments for that interval totaled $14,707.90. In April 2017, Ms. Belanger, with her children, moved from Father's residence to an apartment where they were the sole residents. Without Father's income, Ms. Belanger was eligible for all benefits she was receiving. No overpayment was claimed after her move.

[¶7]    The district court found Ms. Rossetti's testimony "credible and persuasive." The district court deferred Ms. Belanger's prosecution under Wyo. Stat. Ann. § 7-13-301, placed her on three years of probation, and in accord with the DFS' computation, required Ms. Belanger to pay $14,707.90 in restitution. Ms. Belanger appeals.

## DISCUSSION

### I.    Is a restitution order issued pursuant to Wyo. Stat. Ann. § 7-13-301 appealable?

[¶8]    The State asserts that a § 301 deferral order is "not a final, appealable order . . . because a defendant has not yet been convicted and the case will be dismissed after a successful completion of deferral probation." At the same time, the State concedes that when a § 301 deferral includes an order of restitution, which is permitted under § 7-13-301(a)(v), that part of the order is a final judgment and may be appealed.

### A.    Standard of Review

[¶9]    This Court's "jurisdiction 'is limited to appeals from final appealable orders.'" *See Painter v. McGill ex rel. Wyoming Bd. of Med.*, 2019 WY 108, ¶ 10, 450 P.3d 1243, 1245 (Wyo. 2019) (quoting *Matter of Est. of Inman*, 2016 WY 101, ¶ 9, 382 P.3d 67, 69 (Wyo. 2016)); W.R.A.P. 1.04. The existence of jurisdiction is a question of law which is reviewed de novo. *Uden v. State*, 2020 WY 109, ¶ 8, 470 P.3d 560, 561 (Wyo. 2020).

### B.    Analysis

[¶10]   The Wyoming Rules of Appellate Procedure define an "appealable order" as "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]" W.R.A.P. 1.05(a). Wyo. Stat. Ann. § 7-13-301

> is a probation statute that applies to a criminal defendant who has never before been convicted of a felony and is presently charged with, has pleaded guilty to, or has been found guilty of an offense within a certain group of felonies and misdemeanors. Under the statute, if both the defendant and the state consent, the court may defer further prosecution proceedings and place the defendant on probation without entry of a judgment of guilt or conviction.

*Billis v. State*, 800 P.2d 401, 403 (Wyo. 1990).

[¶11]   Wyo. Stat. Ann. § 7-13-301 provides:

3

(a)     If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to any misdemeanor except any second or subsequent violation of W.S. 31-5-233 or any similar provision of law, or any second or subsequent violation of W.S. 6-2-510(a) or 6-2-511(a) or any similar provision of law, or any felony except murder, sexual assault in the first or second degree, aggravated assault and battery or arson in the first or second degree, the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed thirty-six (36) months upon terms and conditions set by the court.  The terms of probation shall include that he:

> (i)     Report to the court not less than twice in each year at times and places fixed in the order;

> (ii)    Conduct himself in a law-abiding manner;

> (iii)   Not leave the state without the consent of the court;

> (iv)    Conform his conduct to any other terms of probation the court finds proper; and

> (v)     Pay restitution to each victim in accordance with W.S. 7-9-101 and 7-9-103 through 7-9-115.

(b)     If the court finds the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of thirty-six (36) months, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.

(c)     If the defendant violates a term or condition of probation at any time before final discharge, the court may:

> (i)     Enter an adjudication of guilt and conviction and proceed to impose sentence upon the defendant if he previously pled guilty to or was found guilty of the

4

original charge for which probation was granted under this section; or

(ii)     Order that the trial of the original charge proceed if the defendant has not previously pled or been found guilty.

(d)     Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose.

Wyo. Stat. Ann. § 7-13-301(a)–(d) (LexisNexis 2021).

[¶12]  The State posits that a § 301 deferral order placing a defendant on probation is unappealable because there is no judgment, and the case will be dismissed after the defendant's successful completion of the deferral probation.  *See* Wyo. Stat. Ann. § 7-13-301(b); *Billis*, 800 P.2d at 422 (A § 301 deferral is "by definition not a sentence.  Deferral and probation without the entry of a judgment of guilty or conviction is not a final determination of the merits of the criminal charge.").  At the same time, the State concedes that when a § 301 deferral includes an order of restitution, which is permitted under § 7-13-301(a)(v), the order of restitution is a final judgment and may be appealed.

[¶13]  The State is correct that an order of restitution entered pursuant to § 7-13-301 is appealable.  "A district court's authority to order restitution is governed by statute." *Crapo v. State*, 2007 WY 194, ¶ 11, 172 P.3d 393, 397 (Wyo. 2007).  Wyo. Stat. Ann. § 7-9-103(a) specifies that "[a]s part of the sentencing process **including deferred prosecutions under W.S. 7-13-301**, in any misdemeanor or felony case, the prosecuting attorney shall present to the court any claim for restitution submitted by any victim."  (Emphasis added.) Wyo. Stat. Ann. § 7-9-103(d) provides, **"Any order for restitution under this chapter constitutes a judgment by operation of law on the date it is entered.  To satisfy the judgment, the clerk, upon request of the victim, the division of victim services or the district attorney, shall issue execution in the same manner as in a civil action."** (Emphasis added.)  Consequently, there can be no question that an order of restitution, even in the case of a deferred judgment, is "[a]n order affecting a substantial right in an action." Because Ms. Belanger appeals only the restitution, we do not reach the issue of whether a § 301 deferral order placing a defendant on probation is appealable.  An order of restitution entered pursuant to Wyo. Stat. Ann. § 7-13-301(a)(v) is appealable.

II.     *Did the district court abuse its discretion in awarding restitution that included overpayments for time periods during which Ms. Belanger asserts she was eligible for assistance?*

5

[¶14] Ms. Belanger contends she was eligible for the benefits she received when she was not living with Father. She argues the district court abused its discretion because the restitution ordered in the deferral required her to repay monies she received during periods of eligibility.

## A. Standard of Review

[¶15] In seeking restitution, "the State has the burden of presenting credible evidence and proving the claim by a preponderance of the evidence." *Kuebel v. State*, 2019 WY 75, ¶ 37, 446 P.3d 179, 189 (Wyo. 2019); *Renfro v. State*, 785 P.2d 491, 493 (Wyo. 1990). On appeal, restitution orders are reviewed for procedural error or clear abuse of discretion. *O'Halloran v. State*, 2014 WY 95, ¶ 11, 331 P.3d 121, 124 (Wyo. 2014).

> [T]he challenge to the lack of sufficient evidence for the restitution is reviewed to determine whether there was a "clear abuse of discretion." [*O'Halloran*, ¶ 11, 331 P.3d at 124.] "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Id.*

*Kuebel*, ¶ 38, 446 P.3d at 189 (quoting *O'Halloran*, ¶ 11, 331 P.3d at 124). "Under this standard, the inquiry is whether the court's choice is reasonable." *Id.*

## B. Analysis

[¶16] DFS claimed Ms. Belanger received $14,707.90 in benefit overpayments from October 2014 through April 2017. Ms. Belanger admits she was living with Father from December 2014 through March 2015 and that she failed to report Father's income for those months. She contests, however, that she lived with Father from November 2015 through April 2017. She claims that in those months, she resided with her grandmother, Ms. Camara, and was entitled to the benefits she received.

[¶17] Ms. Belanger contends that we should rely on Ms. Camara's testimony that Ms. Belanger resided with her from November 2015 through April 2017 and disregard Ms. Rossetti's testimony to the contrary. *See supra* ¶¶ 5–7. This Court will not reweigh evidence or reexamine the credibility of witnesses on appeal. *Kimzey v. Kimzey*, 2020 WY 52, ¶ 48, 461 P.3d 1229, 1243 (Wyo. 2020); *see also Huckins v. State*, 2020 WY 21, ¶ 16, 457 P.3d 1277, 1280 (Wyo. 2020); *Thompson v. State*, 2018 WY 3, ¶ 14, 408 P.3d 756, 760 (Wyo. 2018); *Mraz v. State*, 2016 WY 85, ¶ 19, 378 P.3d 280, 286 (Wyo. 2016).

[¶18]  The record before us, viewed in accordance with our standard of review, contains sufficient evidence to support the district court's decision.  During the sentencing hearing, Ms. Rossetti testified that numerous documents—two acknowledgements of paternity, a Medicaid application, a child support address update, an employment application, and pay stubs—listed her and Father at the same address.  *See supra* ¶ 6.  Ms. Rossetti attested to statements made to her independently by Ms. Belanger and Father admitting that Ms. Belanger lived with Father during much of the relevant time.  *See supra* ¶ 6.  Conversely, Ms. Camara testified that Ms. Belanger lived with her from November 2015 through April 2017, and Ms. Belanger stated that she lived with Father for only a brief period.  Conflicting evidence on a determinative question is insufficient to establish an abuse of discretion where substantial evidence was adduced for the district court to conclude as it did.  Here, the evidence presented at the sentencing hearing was sufficient for the district court to find that Ms. Belanger resided with Father from October 2014 through April 2017.

[¶19]  It was reasonable for the district court to adopt DFS' overpayment calculation and order restitution accordingly.  The district court's findings were not clearly erroneous, and it did not abuse its discretion.

### III.    *Did the district court err when it ordered Ms. Belanger to pay restitution that she asserts Father should be liable to pay?*

[¶20]  Ms. Belanger contends that the district court erred by including overpayments attributable to Father's income in the restitution order.  The State counters that Ms. Belanger waived this argument because she failed to raise it before the district court during sentencing.

[¶21]  An argument may not be made for the first time on appeal.  *See Miller v. Beyer*, 2014 WY 84, ¶ 34, 329 P.3d 956, 967 (Wyo. 2014); *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016); *Acorn v. Moncecchi*, 2016 WY 124, ¶ 61, 386 P.3d 739, 758 n.13 (Wyo. 2016).  There are two exceptions to this rule: "when the issue raises jurisdictional questions, or it is of such a fundamental nature that it must be considered." *Davis v. State*, 2018 WY 40, ¶ 32, 415 P.3d 666, 678 (Wyo. 2018) (quoting *Davis v. City of Cheyenne*, 2004 WY 43, ¶ 26, 88 P.3d 481, 490 (Wyo. 2004)).

[¶22]  Here, Ms. Belanger applied for and received the benefits at issue.  She argues that she would have been eligible for the benefits, but for Father's income, and that Father should have to repay these benefits.  She did not raise this argument below and this issue does not present a question of jurisdiction.  *Id.*  Ms. Belanger does not argue that this issue

is of such a fundamental nature that it must be considered. *See id.*[1] Accordingly, we will not address it for the first time on appeal.[2] *See Crofts*, ¶ 19, 367 P.3d at 624 (citing cases).

## ***CONCLUSION***

[¶23] Restitution orders issued pursuant to Wyo. Stat. Ann. § 7-13-301 are appealable. The district court did not abuse its discretion in its restitution award. Ms. Belanger waived the question of whether the district court erred when it ordered restitution that included benefits attributable to Father's income. We affirm.

---

[1] Our case law does not define with precision what issues are of "such a fundamental nature that they must be considered." *Byrd v. Mahaffey*, 2003 WY 137, ¶¶ 10–11, 78 P.3d 671, 674 (Wyo. 2003). The fact that the issue is constitutional does not necessarily make it fundamental. *Crofts*, ¶ 24, 367 P.3d at 625. Other courts have declined to consider a new issue on appeal, even when it may be an issue of a fundamental nature, because the issue was "not properly developed for review[.]" *Greenwood v. F.A.A.*, 28 F.3d 971, 978 (9th Cir. 1994).

[2] We note that other courts considering the question have held that it is a reasonable approach to hold one party responsible for restitution when other potentially liable parties are not before the court. *See, e.g.*, *State v. Smith*, 443 P.3d 360, 364 (Kan. Ct. App. 2019), *review denied* (Feb. 27, 2020) (holding that in "a similar way that civil codefendants can be jointly and severally responsible for paying the entire restitution amount," the trial court's holding that the defendant was "responsible for the full amount of restitution because he was the only responsible party that was before the court" was reasonable); *Sitigata v. State*, 280 P.3d 595, 597 (Alaska Ct. App. 2012) (upholding restitution order for injuries delivered by another party; the trial court explained "the law holds each defendant jointly responsible for all of the victim's injuries—and if [the defendant] ended up paying a disproportionate share of the restitution, '[his] recourse [was to] initiat[e] a separate civil action against [his] co-defendant'").