138 Nev., Advance Opinion 29

IN THE SUPREME COURT OF THE STATE OF NEVADA

ASHLEY WILLIAM BENNETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82495

FILED

APR 28 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition to establish factual innocence. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Reversed and remanded.*

Armstrong Teasdale, LLP, and D. Loren Washburn, Reno; Clyde Snow & Sessions, P.C., and Neil A. Kaplan and Katherine E. Pepin, Salt Lake City, Utah; Rocky Mountain Innocence Center and Jennifer Springer, Salt Lake City, Utah,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander Chen, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, PARRAGUIRRE, C.J., HARDESTY and PICKERING, JJ.

*OPINION*

PER CURIAM:

A jury found appellant Ashley William Bennett guilty of first-degree murder with the use of a deadly weapon. Eighteen years later, Bennett filed a petition to establish factual innocence, alleging a bona fide issue of factual innocence based on two new pieces of evidence: (1) a declaration from a trial witness recanting her testimony identifying Bennett, and (2) an affidavit from a new witness averring that Bennett was not present and did not shoot the victim. The district court denied the petition at the pleading stage without conducting an evidentiary hearing, determining that the petition improperly relied upon a witness's recantation and impeachment evidence; in so doing, the court also suggested that the impeachment evidence was not credible.

The statutory scheme providing for a petition to establish factual innocence is a relatively recent addition to Nevada law. This case provides an opportunity to address the statutory provisions that guide the district court's decision whether to order a hearing on this type of petition. In particular, we clarify two considerations relevant to the pleading requirements a petition must satisfy under NRS 34.960(2)(b). First, a petition may rely on a witness's recantation of trial testimony as newly discovered evidence provided the recantation is not the only newly discovered evidence identified in the petition. Second, a petition may rely on newly discovered evidence that conflicts with a trial witness's testimony provided the newly discovered evidence is substantive and exculpatory, not merely impeachment evidence. We also clarify that the relevant statute requires the district court to treat the newly discovered evidence as credible, because the decision whether to conduct an evidentiary hearing occurs at

SUPREME COURT
OF
NEVADA

(O) 1947A

the pleading stage, and to consider it with all the other evidence in the case, including evidence presented at trial and any evidence developed after trial. Because the district court's decision to deny the petition in this case without conducting an evidentiary hearing is inconsistent with the applicable statutes, we reverse and remand for the district court to conduct an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

Multiple assailants shot and killed Joseph Williams on March 3, 2001. Bennett, A. Gantt, and one other person were identified as being involved in the shooting and charged with Williams's murder. Gantt pleaded guilty to a lesser charge and testified against his codefendants. Gantt testified that during a gathering to mourn a person murdered the day before, Bennett suggested shooting at a rival's home in retaliation for the murder. As the group of mourners walked through a parking lot on the way to their rival's home, they came across Williams. Bennett, Gantt, and others spread out and shot Williams. Another witness, P. Neal, testified that she saw the shooting from outside her apartment, and she identified Gantt, Bennett, and one other person as the shooters.[1] The jury found Bennett guilty of first-degree murder with use of a deadly weapon. The district court sentenced Bennett to serve two consecutive terms of life without the possibility of parole. This court affirmed the judgment of conviction and sentence on appeal. *Bennett v. State*, Docket No. 39864 (Order of Affirmance, October 5, 2004).

---

[1]The State dismissed unrelated criminal charges against Neal before she testified against Bennett.

Less than a month after the district court entered the judgment of conviction, Gantt signed an affidavit asserting that Bennett was innocent and that he did not know Bennett or see him on the day of the crime. Gantt admitted that he falsely testified against Bennett because he had been threatened with additional charges and the death penalty, even though he was a minor at the time of the crime. Bennett filed a postconviction habeas petition based on Gantt's recantation, which the district court denied. This court affirmed the district court's decision, concluding that Gantt's affidavit was not newly discovered given the three-year delay between Gantt signing the affidavit and Bennett filing the petition and that a different result was not probable based on Gantt's recantation because Neal also had testified that Bennett was one of the shooters. *Bennett v. State*, Docket No. 46324 (Order of Affirmance, August 29, 2006).

About 13 years later, Bennett filed a petition to establish factual innocence. The petition relied on two new pieces of evidence: (1) a declaration by Neal recanting her trial testimony identifying Bennett as one of the shooters; and (2) an affidavit from a percipient witness, C. Walker, asserting that Bennett was not one of the shooters. The district court denied the petition without conducting an evidentiary hearing. In doing so, the district court determined that the petition improperly relied upon recantation and impeachment evidence, which it also suggested was not credible based on the timing and circumstances of Walker coming forward.

## DISCUSSION

Bennett argues that the district court erred in denying his petition without conducting an evidentiary hearing. We agree.

NRS 34.970(3) provides that "the district court shall order a hearing" on a petition to establish factual innocence if the court determines that the petition satisfies the pleading requirements set forth in subsections 2 and 3 of NRS 34.960 and "that there is a bona fide issue of factual innocence." *See also* NRS 34.960(4) (providing that "the court shall dismiss" a petition that does not meet the requirements of subsection 2 or that meets the requirements of subsection 2 but does not meet the requirements of subsection 3, unless the court finds circumstances allowing it to waive the requirements of subsection 3). To satisfy the pleading requirements in subsection 2, the petition "must contain an assertion of factual innocence [made] under oath by the petitioner" and must allege that "[n]ewly discovered evidence exists that is specifically identified and, if credible, establishes a bona fide issue of factual innocence."[2] NRS 34.960(2)(a); *see also* NRS 34.920 (defining "factual innocence" as meaning that the petitioner did not engage in the conduct for which he was convicted, engage in conduct constituting a lesser included offense, commit another crime reasonably connected to the facts supporting the criminal charge upon which he was convicted, or commit the charged conduct under any theory of criminal liability alleged in the charging documents). Subsection 2 also requires that the newly discovered evidence must (1) "[e]stablish[ ] innocence and [be] material to the case and the determination of factual innocence," (2) not be "merely cumulative of evidence that was known," (3) not rely solely upon a witness's recantation of trial testimony, (4) not be "merely impeachment evidence," and (5) be "distinguishable from any claims raised in any previous petitions." NRS 34.960(2)(b). Determining

---

[2]The petitioner must support this assertion with "affidavits or other credible documents." NRS 34.960(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

5

whether the petitioner has satisfied subsection 2 requires the district court to consider the newly discovered evidence in the context of "all other evidence in the case, regardless of whether such evidence was admitted during trial." NRS 34.960(2)(d). To satisfy the pleading requirements in subsection 3, the petition must assert that the evidence identified by petitioner as newly discovered was not known and could not have been known through the exercise of reasonable diligence "at the time of trial or sentencing or in time to include the evidence in any previously filed post-trial motion or postconviction petition." NRS 34.960(3)(a); *see also* NRS 34.930 (similarly defining "newly discovered evidence"). If the district court determines that the petitioner has satisfied the pleading requirements set forth above, the court must direct the State to file an answer within 120 days, specifying the claims that warrant a response and the newly discovered evidence supporting those claims, and allow the petitioner to file a reply.[3] NRS 34.970(1)-(3). Finally, in deciding whether to conduct an evidentiary hearing after considering the pleadings, the district court must determine whether there is a bona fide issue of factual innocence, i.e., "that the newly discovered evidence presented by the petitioner, if credible, would clearly establish the factual innocence of the petitioner." NRS 34.970(3); NRS 34.910 (defining "bona fide issue of factual innocence").

Here, the petition alleged a bona fide issue of factual innocence based on two pieces of newly discovered evidence: Neal's declaration recanting her trial testimony identifying Bennett as one of the shooters and Walker's affidavit asserting that he witnessed the shooting and Bennett

---

[3]Although the State did not file a complete response within 120 days of the district court's order directing a response, we conclude no relief is warranted based on that omission.

was not present or one of the shooters.[4] The district court concluded that this evidence did not satisfy the pleading requirements in NRS 34.960(2) because it relied on a witness's recantation of trial testimony (Neal's declaration) and impeachment evidence (Walker's affidavit). We conclude the district court erred in both respects.

NRS 34.960(2)(b)(2) says the newly discovered evidence identified by the petitioner cannot be "reliant *solely* upon recantation of testimony by a witness against the petitioner." (Emphasis added.) The word "solely" means that a recantation cannot be the *only* newly discovered evidence identified by the petitioner. *See Solely, Oxford Dictionary of English* (3d ed. 2010) (defining "solely" as "not involving anyone or anything else; only"). But that language does not preclude a petitioner from including a witness's recantation as part of the newly discovered evidence identified in a petition to establish factual innocence. Here, the newly discovered evidence identified in Bennett's petition included a witness's recantation of testimony against Bennett, but the petition did not rely *solely* on the recantation given that it also included Walker's affidavit.

NRS 34.960(2)(b)(2) also says that the newly discovered evidence identified by the petitioner cannot be "merely impeachment evidence." Impeachment evidence is "[e]vidence used to undermine a witness's credibility." *Evidence (impeachment), Black's Law Dictionary*

---

[4]Bennett satisfied the "oath" requirement by signing the petition "under criminal penalty under the laws of the State of Nevada," asserting his factual innocence throughout the petition, and averring the petition was true and correct. NRS 208.165 ("A prisoner may execute any instrument by signing his or her name immediately following a declaration 'under penalty of perjury' with the same legal effect as if he or she had acknowledged it or sworn to its truth before a person authorized to administer oaths.").

(11th ed. 2019); *see also Lobato v. State*, 120 Nev. 512, 518, 96 P.3d 765, 770 (2004) (discussing the various methods of impeachment, including attacks upon a witness's competence to testify or a witness's reputation for truthfulness, the use of prior convictions, prior inconsistent statements, specific instances of conduct, and ulterior motives to testify). As the Utah Court of Appeals explained in applying a statutory requirement similar to NRS 34.960(2)(b)(2), evidence is merely impeachment when that evidence does not negate a specific element of the charges or directly relate to the charges but instead is offered solely for the purpose of calling into question a witness's credibility. *Magallanes v. South Salt Lake City*, 353 P.3d 621, 623 (Utah Ct. App. 2015). Contrary to the district court's assessment, Walker's declaration is not *merely* impeachment evidence. *See Merely, Oxford Dictionary of English* (3d ed. 2010) (defining "merely" as "just; only"). Yes, the declaration arguably undermines the credibility of witnesses who testified at trial that Bennett was present and was one of the shooters, but it does so only because the statements in Walker's affidavit *conflict* with those witnesses' testimony. *See Evidence (conflicting), Black's Law Dictionary* (11th ed. 2019) ("Evidence that comes from different sources and is often irreconcilable."). But Walker's declaration also relates directly to the conduct for which Bennett was convicted. It provides substantive, exculpatory evidence; Walker claims to be a percipient witness to the shooting and says that Bennett was not there and was not one of the shooters. *See Evidence (substantive), Black's Law Dictionary* (11th ed. 2019) ("Evidence offered to help establish a fact in issue, as opposed to evidence directed to impeach or to support a witness's credibility."); *see also State v. Huebler*, 128 Nev. 192, 201-02, 275 P.3d 91, 98 (2012) (describing exculpatory evidence as evidence that proves the factual innocence of the

defendant and distinguishing this from impeachment evidence). Walker ultimately may not be a credible witness, as the district court implied when it pointed out that Walker came forward years after the crime and months after entering prison. But at the pleading stage, NRS 34.960(2) requires the court to assume that the newly discovered evidence is credible. NRS 34.960(2)(a) (requiring that a petition aver that "[n]ewly discovered evidence exists that is specifically identified and, *if credible*, establishes a bona fide issue of factual innocence" (emphasis added)); *see also* NRS 34.910 (providing that a "[b]ona fide issue of factual innocence means that newly discovered evidence presented by the petitioner, *if credible*, would clearly establish the factual innocence of the petitioner" (internal quotation omitted and emphasis added)); *Brown v. State*, 308 P.3d 486, 495 (Utah 2013) (observing that at the pleading stage under Utah's similar statute, "the court is in no position to assess credibility"); *see also Berry v. State*, 131 Nev. 957, 968-69, 363 P.3d 1148, 1156 (2015) (observing that when deciding whether to conduct an evidentiary hearing on a gateway claim of actual innocence in a postconviction habeas petition, a court generally assumes the truth of the new evidence but may examine the probable reliability of that evidence and its effect on a reasonable juror).[5]

The petition further satisfied the requirements of NRS 34.960(3) by asserting that the newly discovered evidence was not known and could not have been discovered with the exercise of reasonable diligence at the time of trial, sentencing, or prior postconviction proceedings. Both witnesses came forward years after Bennett's trial and resolution of his

---

[5]We note that the State further argues that the evidence was cumulative and immaterial. We disagree for the reasons discussed above.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

postconviction petition—Walker provided an affidavit in 2012 and Neal provided a declaration recanting her testimony in 2017.

And finally, when the newly discovered evidence identified by Bennett is viewed with all the other evidence in the case, including the evidence presented at trial and the additional evidence developed after trial, Bennett's petition presented a bona fide issue of factual innocence. From the record provided, the primary evidence against Bennett at trial was the testimony of Gantt and Neal identifying Bennett as one of the shooters.[6] The newly discovered evidence identified in Bennett's petition calls into question whether Bennett engaged in the conduct for which he was convicted. And while Gantt's post-trial recantation cannot be considered newly discovered evidence because it was presented in earlier proceedings, see NRS 34.960(2)(b)(3), his recantation is relevant in determining whether the newly discovered evidence presented in the petition demonstrates Bennett's factual innocence. See NRS 34.960(2)(d). This is particularly so where this court rejected Bennett's prior postconviction claim based on Gantt's recantation because there was no probability of a different outcome at trial given Neal's trial testimony identifying Bennett as one of the shooters. Bennett, Docket No. 46324, at *2-3.

---

[6]Although the record provided to this court does not include a complete trial transcript, the excerpts provided indicate that Gantt and Neal provided the key evidence against Bennett. The State has not suggested that the missing portions of the record would call into dispute the petition's factual assertions regarding the evidence presented at trial.

## CONCLUSION

Because Bennett satisfied the statutory pleading requirements, NRS 34.970(3) required that the district court order a hearing on the petition. We therefore reverse the district court's order and remand for an evidentiary hearing.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Pickering