140 Nev., Advance Opinion 78

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HUGO SANCHEZ, A/K/A HUGO SANCHEZ-CEBALLO, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 85839 |



FILED

DEC 19 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing without prejudice an amended petition to establish factual innocence. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

*Dismissed.*

The Law Offices of Kristina Wildeveld & Associates and Lisa A. Rasmussen and Caitlyn McAmis, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Kevin Naughton, Appellate Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Appellant Hugo Sanchez pleaded guilty to multiple felony offenses stemming from his conduct with two juvenile victims. Eight years after pleading guilty, Sanchez filed a petition to establish factual innocence under NRS 34.900-.990. The district court dismissed the petition without prejudice, concluding that Sanchez failed to meet the pleading requirements under NRS 34.960.

In this opinion, we consider an issue of first impression—whether an order dismissing a petition to establish factual innocence without prejudice is appealable. We conclude that such an order is not appealable. Accordingly, we lack jurisdiction to consider appeals from such orders and, therefore, dismiss this appeal.

*FACTS AND PROCEDURAL HISTORY*

In 2012, law enforcement received a report of two female juveniles engaging in prostitution near a Reno motel. Police officers responded and contacted sisters F.W. (12 years old) and I.S. (14 years old). The sisters stated that they recently began spending time with Sanchez. Sanchez told I.S. that he would "help" her if she wanted to engage in prostitution, i.e., find men willing to exchange money for sexual acts with her, and Sanchez would provide transportation and protection for her. Sanchez also threatened to hurt I.S. if she did not pay Sanchez what he believed he was owed or if I.S. worked for anyone else.

I.S. stated that Sanchez arranged for her to perform sexual acts with two men at a motel a few days before the police contacted the victims. After the sexual encounters, the men paid Sanchez $80, and he gave I.S. $40. On other occasions, Sanchez drove I.S. to downtown Reno and



instructed her to walk the streets and find "dates." Sanchez demanded half of the money that the clients paid I.S. in exchange for sexual acts. When officers contacted Sanchez, he admitted to having consensual sex twice with I.S. and sexual intercourse and oral sex with F.W. Sanchez also admitted he knew the girls' ages. During a police interview, F.W. confirmed the sexual encounters with Sanchez.

The State charged Sanchez with pandering a child, statutory sexual seduction (I.S. counts), and two counts of lewdness with a child under the age of 14 (F.W. counts). Sanchez waived a preliminary hearing and pleaded guilty to all counts. In exchange for the guilty plea, the State agreed not to pursue charges of sexual assault of a child under the age of 14 related to F.W. Sanchez signed the guilty plea agreement, admitting his culpability, and admitted the factual allegations in open court during his guilty plea canvass. Sanchez also told presentencing investigators that he had sexual relationships with F.W. and I.S. And at sentencing, Sanchez admitted everything, apologized to the victims, and stated that he wanted to take responsibility for his actions.

Sanchez filed a direct appeal, but this court dismissed the case after Sanchez voluntarily withdrew the appeal. *Sanchez v. State*, No. 62332, 2013 WL 3273823 (Nev. May 29, 2013) (Order Dismissing Appeal). About eight years after he pleaded guilty, Sanchez filed a postconviction petition for a writ of habeas corpus, raising a freestanding claim of actual innocence as to the F.W. counts. In response, the State argued that a claim of actual innocence must be raised in a petition to establish factual innocence and moved to dismiss the habeas petition. The district court denied the motion to dismiss and gave Sanchez leave to amend the petition.

Sanchez filed an amended petition to establish factual innocence, alleging he is factually innocent of the F.W. counts. In support, Sanchez included a declaration from F.W. In the declaration, F.W. stated that she never had sexual contact with Sanchez, she told the police what they wanted her to say, and she waited until she turned 21 to retract her prior statements because she did not think a juvenile's recantation would matter.

The district court set a hearing to resolve the matter. An email exchange between counsel and court staff about the hearing noted that the district court would hear Sanchez's substantive claims. That exchange gave the impression that the petition had passed the court's review under NRS 34.960. As a result, Sanchez filed an ex parte motion for the appointment of an expert witness on false confessions to testify at the evidentiary hearing. The State filed a motion to limit the scope of the hearing to the issue of whether Sanchez had satisfied the pleading standard for an innocence petition. The district court then changed course and limited the hearing to the pleading requirements under the factual-innocence statutes. After that hearing, the district court entered an order dismissing the innocence petition without prejudice. This appeal followed.

## DISCUSSION

Sanchez argues that he satisfied the pleading standards under NRS 34.960, and the district court therefore erred in dismissing the innocence petition. We do not reach that issue, however, because our review of this appeal reveals a jurisdictional defect—whether the order dismissing Sanchez's factual-innocence petition without prejudice is appealable. We may address the jurisdiction issue sua sponte. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011) (explaining that "whether a court lacks subject matter jurisdiction can be raised by the parties at any time, or

SUPREME COURT
OF
NEVADA

(O) 1947A

sua sponte by a court of review, and [jurisdiction] cannot be conferred by the parties" (internal quotation marks omitted)).

Before addressing the jurisdiction issue more fully, we note that the record in this case reflects some confusion about the processing of factual-innocence petitions in the district court. For that reason and because a foundational understanding of the statutory scheme is relevant to the jurisdiction issue, we begin with a brief overview of the statutory framework that governs factual-innocence petitions.

*The factual-innocence statutes create two levels of review in the district court*

During the 2019 session, the Legislature filled a gap in Nevada law by enacting A.B. 356, which created a new postconviction remedy—a petition to establish factual innocence. 2019 Nev. Stat., ch. 495, §§ 2-9, at 2976-81; Hearing on A.B. 356 Before the Assemb. Judiciary Comm., 80th Leg., at 34-44 (Nev., Mar. 28, 2019); *see also Berry v. State*, 131 Nev. 957, 967 n.3, 363 P.3d 1148, 1154 n.3 (2015) (explaining that this court has not "address[ed] whether and, if so, when a free-standing actual innocence claim exists" within the scope of a postconviction petition for a writ of habeas corpus). Before that legislation, convicted individuals could file "a motion for a new trial based on the ground of newly discovered evidence"; such a motion, however, had to be filed "within 2 years after the verdict or finding of guilt." NRS 176.515(3). Thus, in establishing the factual-innocence petition, the Legislature provided a safety valve for wrongfully convicted persons to present newly discovered evidence of factual innocence after the time when a motion for a new trial based on newly discovered evidence may be filed. NRS 34.960(1) (referring to NRS 176.515(3)). The provisions governing factual-innocence petitions are now codified in NRS 34.900-.990.

*Initial review of an innocence petition pursuant to NRS 34.960*

When an innocence petition has been filed, the district court must first determine whether it meets the pleading requirements in NRS 34.960(2). For example, the petition "must contain an assertion of factual innocence [made] under oath by the petitioner." NRS 34.960(2); *see also* NRS 34.920 (defining "factual innocence"). The petition must also allege that "[n]ewly discovered evidence exists that is specifically identified and, if credible, establishes a bona fide issue of factual innocence." NRS 34.960(2)(a). Such newly discovered evidence cannot be simply impeachment evidence, be cumulative of known evidence, or rely "solely upon recantation of testimony by a witness against the petitioner." NRS 34.960(2)(b); *see Bennett v. State*, 138 Nev. 268, 271-73, 508 P.3d 410, 414-15 (2022) (discussing the scope of NRS 34.960(2)(b)). Moreover, the newly discovered evidence contained in the petition must, "[w]hen viewed with all other evidence in the case, . . . demonstrate[ ] the factual innocence of the petitioner." NRS 34.960(2)(d). If the petition does not meet the pleading requirements in NRS 34.960(2), the district court must dismiss the petition without prejudice. NRS 34.960(4)(a).

If the petition satisfies the pleading requirements in NRS 34.960(2), the district court must then consider whether the petition meets the additional requirements in NRS 34.960(3). Those additional requirements focus on whether the evidence of factual innocence is new. Thus, "the petition must assert that the evidence identified . . . was not known and could not have been known through the exercise of reasonable diligence 'at the time of trial or sentencing or in time to include the evidence in any previously filed post-trial motion or postconviction petition.'" *Bennett*, 138 Nev. at 271, 508 P.3d at 413 (quoting NRS 34.960(3)(a)). If the petition does not satisfy the requirements in NRS 34.960(3), the district

SUPREME COURT
OF
NEVADA

(O) 1947A

6

court may either dismiss the petition without prejudice or waive those requirements if it finds that circumstances warrant doing so. NRS 34.960(4)(b)(1)-(2).

*Merits review of an innocence petition pursuant to NRS 34.970*

If the petition survives the initial review under NRS 34.960, then NRS 34.970 requires the district court to order a response from the State, to which the petitioner may file a reply. NRS 34.970(1), (3). After reviewing the filings, the district court must determine whether "the petition meets the requirements of NRS 34.960 and [whether] there is a bona fide issue of factual innocence." NRS 34.970(3); *see also* NRS 34.910 (defining "[b]ona fide issue of factual innocence"). Based on that determination, the district court must either deny the petition or order an evidentiary hearing—unless the parties stipulate that the newly discovered evidence establishes factual innocence. NRS 34.970(3), (7). After an evidentiary hearing, the district court must determine whether the petitioner proved "his or her factual innocence by clear and convincing evidence." NRS 34.970(7). With that statutory framework in mind, we now turn to the jurisdiction issue in this case.

*A dismissal without prejudice under NRS 34.960 is not appealable*

The district court determined that Sanchez's innocence petition did not meet the pleading requirements in NRS 34.960. Accordingly, the district court dismissed the petition without prejudice under NRS 34.960(4)(a). The appealability of an order dismissing an innocence petition without prejudice under NRS 34.960 is an issue of first impression. *Cf. Bennett*, 138 Nev. at 268, 274, 508 P.3d at 412, 415 (reversing the district court's denial of an innocence petition and remanding for an evidentiary hearing on the petition under NRS 34.970(3)).

It is well settled that this court may entertain an appeal only when authorized by statute or court rule. *See State ex rel. Botsford v. Langan*, 29 Nev. 459, 464, 91 P. 737, 738 (1907) ("[W]here an order is nonappealable, no jurisdiction can be conferred on or entertained by this court by the perfecting of an attempted appeal."); *Castillo v. State*, 106 Nev. 349, 352-53, 792 P.2d 1133, 1135 (1990). The appellant bears the burden to establish that this court has jurisdiction. *Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001). To that end, Sanchez points to NRS 34.970(9), NRS 177.015(1)(b) and (3), and NRAP 4(b) as the statutes and rule that grant this court jurisdiction to review an order dismissing a factual-innocence petition without prejudice. We start with NRS 34.970(9), given that it is the only authority identified by Sanchez that is specific to factual-innocence petitions.

NRS 34.970(9) provides that "[a]ny order granting or denying a hearing on a petition pursuant to this section may be appealed by either party." The statute's language is clear and unambiguous. *See Hobbs v. State*, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011) ("If the statute's language is clear and unambiguous, we enforce the statute as written."). It provides a right to appeal only from orders granting or denying a hearing under NRS 34.970. To recall, NRS 34.970 comes into play if the district court determines that the petition meets the pleading requirements in NRS 34.960. *See* NRS 34.960(4)(a) (providing that if the petition does not meet the requirements of subsection 2, the court "shall dismiss the petition without prejudice"); NRS 34.970(1) (providing that "[i]f the court does not dismiss a petition after reviewing the petition in accordance with NRS 34.960, the court shall order the prosecuting agency to file a response to the petition"). Thus, like the rest of NRS 34.970, subsection 9's appeal provision

applies when the factual-innocence petition has not been dismissed without prejudice pursuant to NRS 34.960.

The petition at issue was dismissed without prejudice pursuant to NRS 34.960. The district court thus did not enter an order that is subject to the appeal provision in NRS 34.970(9). And the factual-innocence statutes do not provide for an appeal from an order dismissing a petition without prejudice under NRS 34.960. Such is the legislative prerogative. *See Halverson v. Hardcastle*, 123 Nev. 245, 260, 163 P.3d 428, 439 (2007) (recognizing the Legislature's "broad authority to enact, amend, and repeal laws"); *see also Brown v. McDaniel*, 130 Nev. 565, 576, 331 P.3d 867, 875 (2014) (explaining that "[p]ost-conviction relief is a statutory remedy and it is up to the Legislature to define its contours").

The Wyoming Supreme Court reached the same conclusion based on a similar statute in *Uden v. State*, 470 P.3d 560 (Wyo. 2020). Because the Wyoming statutes were used as a model for A.B. 356, Hearing on A.B. 356, *supra*, at 37 (statement of Michelle Feldman, State Campaigns Director, Innocence Project), the Wyoming court's interpretation of those statutes is persuasive. *Hobbs*, 127 Nev. at 238, 251 P.3d at 180 (explaining that when a statute is copied from another state, the other state's caselaw interpreting the statute is "persuasive authority").

In *Uden*, the court considered an appeal from an order dismissing without prejudice a factual-innocence petition as "noncompliant with both 403(b) [analog of NRS 34.920] and 404(b) [similar to NRS 34.960(4)(a)]" on initial review. 470 P.3d at 562. The court considered whether it "lack[ed] jurisdiction because the court's order dismissing [the] petition is not a final appealable order." *Id.* at 560. The *Uden* court explained that the Wyoming statute, which provides that "[a]n order

granting or denying a petition [for a determination of factual innocence] is appealable by either party," Wyo. Stat. Ann. § 7-12-407 (2023), "does not address whether a dismissal order is appealable." 470 P.3d at 561. The reasoning in *Uden* is both persuasive and supports our conclusion based on the similarity between Nevada's and Wyoming's statutory framework.

Turning to the other court rules or statutes identified by Sanchez as granting jurisdiction over this appeal, we similarly conclude that the order at issue is not appealable. NRAP 4(b) addresses the time for filing a notice of appeal in criminal cases but does not specifically identify any appealable orders or judgments. It thus provides no basis for our jurisdiction over this appeal.

NRS 177.015(1)(b) is unavailing for two reasons. The first: NRS 177.015(1)(b) authorizes appeals from certain orders in criminal cases, and a factual-innocence petition is not part of a criminal case. *See Hill v. Warden*, 96 Nev. 38, 40, 604 P.2d 807, 808 (1980) (explaining that postconviction proceedings "should be characterized as neither civil nor criminal for all purposes"). The second: The statute specifically provides for an appeal from a district court order "granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial." The district court order here did none of those things. In particular, although the order dismisses Sanchez's factual-innocence petition, it did not grant a motion to dismiss.

And finally, NRS 177.015(3) likewise applies to criminal proceedings and provides that only the defendant "may appeal from a final judgment or verdict in a criminal case." The district court's order—a dismissal without prejudice—is not a final judgment. The district court's order does not finally resolve Sanchez's claim of factual innocence. And it

does not foreclose Sanchez from filing another petition that complies with NRS 34.960. Indeed, the factual-innocence statutes impose no limitations period, *see* NRS 34.960(1) (permitting petitions to be filed "[a]t any time after the expiration of the period during which a motion for a new trial based on newly discovered evidence may be made"), and contemplate that a petitioner may file multiple petitions so long as they "identify new or different evidence" or allege "new and different grounds," NRS 34.960(5). Thus, the order at issue is not appealable as a final judgment under NRS 177.015(3).

After considering Wyoming's appellate rules, the *Uden* court concluded that "the dismissal of a Factual Innocence Act petition without prejudice following an initial determination of statutory noncompliance is not a final judgment which can be appealed." 470 P.3d at 563-64. In reaching that conclusion, the court noted that Wyoming's statutes (1) "expressly contemplate[ ] that a petitioner may have more than one shot at establishing his factual innocence," (2) only require that a new claim be distinguishable from prior claims, and (3) do not have a statute of limitations. *Id.* at 563. "In other words, the dismissal of one petition leaves for possible future consideration on the merits a petition that complies with the requirements" of Wyoming's statutes. *Id.*

Put simply, no court rule or statute authorizes an appeal from an order dismissing an innocence petition without prejudice under NRS 34.960. Without such authorization, no right to appeal exists, given "that

the right to appeal is statutory."[1]  *Castillo*, 106 Nev. at 352, 792 P.2d at 1135.  Accordingly, we have no jurisdiction to consider Sanchez's appeal.

*CONCLUSION*

We hold that an order dismissing a factual-innocence petition without prejudice pursuant to NRS 34.960 is not appealable.  Therefore, we lack jurisdiction to consider this appeal and order it dismissed.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____, J.
Parraguirre

---

[1]Because the initial review pursuant to NRS 34.960 is within the district court's discretion, we recognize that a petition for a writ of mandamus filed in this court may be an appropriate vehicle for convicted individuals seeking review of an order dismissing a factual-innocence petition without prejudice.  *See* NRS 34.160.

SUPREME COURT
OF
NEVADA

(O) 1947A